368 So.2d 628 (1979)
Ruth M. MITCHELL, Appellant,
v.
Ralph E. MITCHELL, Appellee.
No. 77-2669.
District Court of Appeal of Florida, Fourth District.
March 14, 1979.
L. Guerry Dobbins, Jr., and Walter W. Manley, II, Lakeland, for appellant.
Kendall T. Moran, Titusville, for appellee.
DOWNEY, Chief Judge.
The parties to this dissolution of marriage proceeding were wed but for three years and no children were born. Prior to the marriage the husband owned a home which the parties eventually occupied as the marital home. Title remained in the husband's name alone. Prior to the marriage the husband had accumulated some money which he used during the marriage to purchase a $20,000 certificate of deposit, title to which was taken in the joint names of husband and wife.
The wife claimed she was entitled to one-half of the certificate of deposit and a special equity in the marital home because they both worked during the marriage and deposited their respective salaries into a joint account from which their living expenses were paid including the monthly mortgage payment on the home.
The trial court found from the evidence that the home was purchased by the husband with his funds prior to the marriage and the wife's contributions to the general living expenses of the parties via the joint account were simply non-recoverable contributions to the marriage. We believe the finding is adequately supported *629 factually by the record and legally by the rule set forth in Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971).
With regard to the certificate of deposit the trial court found that the source of the money used to purchase the certificate of deposit came from the husband's funds which were unconnected with the marriage and that there was no intention by the husband to make a gift to the wife. Therefore, the trial judge concluded the rule set forth in Ball v. Ball, 335 So.2d 5 (Fla. 1976), controls and the husband was entitled to a special equity therein to the extent of the wife's one-half interest in the certificate of deposit. We agree with the trial court's legal conclusion that, although the Supreme Court made it clear through a footnote that Ball involved only real property, there is no apparent reason why it should not apply equally to personalty. However, since the application of the Ball rule to personalty involves a question of great public interest and should be settled for the benefit of bench and bar, we certify the following question to the Supreme Court of Florida:
IS A SPECIAL EQUITY CREATED IN PERSONAL PROPERTY BY AN UNREBUTTED SHOWING THAT ALL OF THE CONSIDERATION FOR PROPERTY HELD AS TENANTS BY THE ENTIRETIES WAS SUPPLIED BY ONE SPOUSE FROM A SOURCE CLEARLY UNCONNECTED WITH THE MARITAL RELATIONSHIP?
The judgment appealed from is affirmed.
MOORE, J., and FARRINGTON, OTIS (Retired), Associate Judge, concur.