379 So.2d 955 (1980)
Margaret W. INGRAM, Petitioner,
v.
Max H. INGRAM, Respondent.
No. 56015.
Supreme Court of Florida.
January 31, 1980.
David R. Lewis of Lewis, Paul, Isaac & Castillo, Jacksonville, for petitioner.
Donald F. Perrin of Newton, Watson, Barry & Perrin, Jacksonville, for respondent.
OVERTON, Justice.
This case is before the Court on a petition for writ of certiorari from the District Court of Appeal, First District, reported as *956 Ingram v. Ingram, 364 So.2d 1251 (Fla. 1st DCA 1978). The petitioner alleges conflict with Shaw v. Shaw, 334 So.2d 13 (Fla. 1976), on grounds that the district court substituted its judgment for that of the trial judge, despite the fact that there was no finding that the trial judge had abused his discretion. We find conflict with Shaw v. Shaw, as well as with our recent decision in Canakaris v. Canakaris, No. 54,124 (Fla. 1980). We have jurisdiction,[1] and quash the opinion of the district court.
This controversy arises from a dissolution proceeding in which the husband claimed a "special equity" in the marital home. The wife entered this marriage with title to the home which she had purchased, with a $200 down payment, approximately ten months prior to the marriage. The parties lived in the house during the eight-year marriage. During the course of the marriage both parties contributed to the house payments. The husband, who had two daughters from a previous marriage living in the marital home, contributed the majority of each mortgage payment. The husband also paid for various repairs and improvements to the home.
In its final judgment, the trial court refused to grant the husband a "special equity" in the home. The district court of appeal reversed and found that the husband's financial contributions toward the mortgage constituted a "special equity," and remanded the case for a determination of his share. There was no finding by the district court that the trial judge abused his discretion in denying the husband's claim of a "special equity."
We have recently discussed the concept of "special equity" and the discretion of the trial judge in dissolution proceedings in our decisions in Duncan v. Duncan, 379 So.2d 949, No. 53,966 (Fla. 1980), and Canakaris v. Canakaris, No. 54,124 (Fla. 1980). The determination of the trial judge that there was no "special equity," as we have defined it in Duncan and Canakaris, was proper. Ball v. Ball, 335 So.2d 5 (Fla. 1976). This does not mean that the trial judge was without the discretionary authority to make an alimony award to the husband if such an award was necessary to do equity between the parties.
We quash the opinion of the district court. In view of our decisions in Duncan and Canakaris, we direct that the district court remand to the trial judge for reconsideration if he deems it appropriate, given all the circumstances of the case.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD and ALDERMAN, JJ., concur.
SUNDBERG, J., concurs in result only.
NOTES
[1] Art. V. § 3(b)(3), Fla. Const.