OTT, Judge.
The final judgment dissolving this 22 year marriage found that appellee had no special equity in appellant’s separate (premarital) real property by reason of contribution to the acquisition or maintenance thereof, but did have a special equity therein by virtue of her contribution to the marriage in raising the children.
Obviously, the trial court was motivated by some of the considerations relied upon in Brown v. Brown, 300' So.2d 719 (Fla. 1st DCA 1974), where an award of lump sum alimony was used to achieve substantial equity in distributing property acquired during marriage by the joint efforts of the spouses. The fact that the efforts of one spouse were directed toward making a home and raising children, while the other marital partner pursued financial gain more directly, was held not to disqualify the former from claiming an equitable share in property thus accumulated. The Florida Supreme Court has now approved those views. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
However, neither Brown nor Canakaris sanctions an award of a "special equity” in one spouse’s separate property by reason of equitable considerations arising from the other spouse’s domestic contributions to the *376 marriage. Canakaris specifically enjoins use of the term “special equity” except when analyzing a vested interest in property because of the contribution thereto of nonmarital funds or of services over and above normal marital duties. Accordingly, we reverse the portion of the judgment granting appellee a special equity in appellant’s separate property.
As Canakaris points out, there has been considerable confusion, in both trial and appellate courts, as to when, how and to what extent the concepts of permanent alimony, lump sum alimony, rehabilitative alimony and special equities may be recognized and applied in domestic relations proceedings. By three simultaneously released opinions the Florida Supreme Court has laid down firm and definitive guidelines to assist the courts in resolving those issues. Canakaris, supra; Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Ingrain v. Ingram, 379 So.2d 955 (Fla.1980).
Since the trial court has had no opportunity to consider the present case in the light of those pronouncements, we remand the matter for such further proceedings and orders as may be appropriate.
GRIMES, C. J., and HOBSON, J., concur.