•ORFINGER, Judge.
The husband appeals from a final judgment in a dissolution action, contending that the trial court erred in refusing to award him a special equity in the jointly owned marital home and in a jointly owned certificate of deposit.
With respect to the marital home, the evidence does not reflect an abuse of discretion by the trial court in refusing to recognize a special equity in the husband, but thé evidence clearly reflects that the jointly' held certificate of deposit for $21,100 was purchased by the husband with funds supplied by him from a source clearly unconnected with the marital relationship. Ball v. Ball, 335 So.2d 5 (Fla.1976); Mitchell v. Mitchell, 368 So.2d 628 (Fla. 4th DCA 1979). The trial court erred in not recognizing the husband’s special equity in the wife’s one-half interest in that certificate of deposit.
The judgment appealed from is affirmed in all respects except as it denies to the husband a special equity in the wife’s one-half interest in the $21,100 certificate of deposit, as to which the judgment is .reversed with directions to award to the husband full title to said certificate of deposit.
' AFFIRMED in part and REVERSED in part.
DAUKSCH, C. J., and COBB, J., concur.