390 So.2d 461 (1980)
Mildred FARRINGTON, Appellant,
v.
Prince FARRINGTON, Appellee.
No. 79-1624.
District Court of Appeal of Florida, Third District.
November 25, 1980.
*462 Ralph L. Flowers, Fort Pierce, for appellant.
Richard M. Gale, Miami, for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
BASKIN, Judge.
Rulings made by the trial court in a dissolution of marriage proceeding are the subject of this appeal. We find the trial court committed error when it ordered partition of the house and businesses. The awards with regard to alimony, child support, and attorney's fees were correct. We reverse in part and affirm in part.
The Farrington marriage lasted fifteen years and produced one child, a daughter. When the marriage was dissolved, the husband was fifty-five years old, the wife was forty-two years old, and the daughter, thirteen years old. The husband is a retired policeman with a net retirement pension of $752.16 a month, less a $181.81 deduction for a life insurance policy, and owns stock representing a $3,000 investment in a corporation that rents an apartment building. The husband owns rental property including a house from which he derives rental income of $225.00 a month. He also receives income from the operation of two coin laundries.
The wife operated the parties' jointly-owned barbecue business with great success, in addition to performing her duties as wife and mother. She has no assets other than the jointly-owned business, jointly-owned home, and other business properties which return monthly rent. During the marriage, rents from the various business properties were retained by the husband who furnished his wife $300.00 a week for her services as manager of the barbecue. This money was used to defray household expenses. The wife received no salary although the barbecue earned a net profit of at least $1,000 per week.
In the final judgment, the trial court granted custody of the minor child to the wife and required the husband to pay $35.00 per week for child support. The court granted the husband exclusive ownership of a house he owned prior to his marriage and denied the wife a special equity in it. The court ordered the parties' marital home and other real property to be partitioned and sold. It awarded the wife possession of the barbecue pit and the husband possession of the laundries until their sale. The wife received possession of the home until its impending sale. During that time, she was required to make payments from the proceeds of the barbecue. The wife was denied permanent possession of the home, permanent and lump sum alimony, attorney's fees and costs. She challenges these rulings in this appeal.
We examine first the award of $35.00 per week for child support. Although it appears to us rather low, no abuse of the trial court's discretion has been shown. Goldstein v. Goldstein, 310 So.2d 361 (Fla.3d DCA 1975). There can be no finding of an abuse of discretion if reasonable men could differ as to the propriety of the trial court's action. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Price v. Price, 389 So.2d 666 (Fla.3d DCA 1980). We therefore affirm this award.
*463 Concerning the house located at 27 N.W. 43 Terrace, acquired by the husband prior to his marriage, we find no error in the court's refusal to grant the wife a special equity. The term "special equity" was judicially created to describe a vested interest in property brought into the marriage or acquired during the marriage from a source unconnected with the marital relationship. Canakaris v. Canakaris, supra; Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Ball v. Ball, 335 So.2d 5 (Fla. 1976). Appellant has no such vested interest. See Ingram v. Ingram, 379 So.2d 955 (Fla. 1980).
Since the court awarded this property to the husband, we direct that arrangements be made to remove the wife from further obligation on its mortgage payments. In the alternative, we order that she be awarded a sum to offset payments she may be required to contribute for future mortgage payments as is necessary to do equity between the parties. Ingram v. Ingram, supra.
We find no error in the court's denial of a special equity in the barbecue pit to the wife. Although we note that the success of the business was mainly due to the wife's efforts, those efforts do not suffice to establish a "special equity" under Florida law nor has she established any evidence of special equities in the other business properties. The evidence supports the court's decision.
The wife is entitled to live in the marital home until the child reaches the age of eighteen years. The award is directly connected to the husband's obligation to pay support. Duncan v. Duncan, supra; Smith v. Smith, 378 So.2d 11 (Fla.3d DCA 1979), McNaughton v. McNaughton, 332 So.2d 673 (Fla.3d DCA 1976). We recognize that the supreme court in Duncan, supra, rejected the rule requiring termination of exclusive possession when the children attain the age of majority. Duncan states, however, "An award of exclusive use of property must be determined by the equity of the cause and should be for a specified period." Duncan v. Duncan, supra at 952 (emphasis supplied). We therefore hold that the husband's obligation coincides with his duty to support the child, and we direct that the wife's exclusive possession of the house should terminate upon the child attaining her majority. While she exercises exclusive possession, the wife need pay only those charges appropriate to her half-interest in the marital home now owned by the parties as tenants in common. Smith v. Smith, supra. We therefore reverse the provisions pertaining to partition of the marital home.
We find that the court committed error in ordering the business properties to be partitioned. First, the pleadings do not meet the requirements for partition. § 64.041, Fla. Stat. (1975).
Second, no valid reason to sell a successful business such as the barbecue, which serves as a substantial foundation of income, appears in the record. The allegations by each party that the other was stealing, or the statement by the court that the business had no value, are not supported by the record. Arguments between the parties are not sufficient reason to require so harsh a result. We direct that the parties be permitted to operate the businesses as tenants in common. We therefore reverse the provisions for partition.
No error appears in the denial of lump sum alimony to the wife since the parties will be placed in equal positions with regard to their assets through ownership of their jointly owned properties as tenants in common. Canakaris v. Canakaris, supra. If partition becomes appropriate, either party may institute proper proceedings at a later date. For the same reason, each party was correctly ordered to bear his or her attorney's fees and costs. Canakaris v. Canakaris, supra; Bullard v. Bullard, 380 So.2d 1090 (Fla.3d DCA 1980).
For these reasons, we reverse the decision of the trial court in part and affirm in part. *464 We remand the cause for entry of a final judgment reflecting our rulings.