418 So.2d 304 (1982)
David HOTTMAN, Appellant,
v.
Anna HOTTMAN, Appellee.
No. 81-541.
District Court of Appeal of Florida, Fourth District.
July 21, 1982.
Rehearing Denied September 8, 1982.
Douglas R. Girvin, Jupiter, for appellant.
Hal H. McCaghren, West Palm Beach, for appellee.
PER CURIAM.
Appellant seeks reversal of a final judgment of dissolution of marriage upon four points, three of which we affirm. We agree, however, with his argument that the trial court erred in awarding a special equity in the marital residence to appellee.
Appellant bought the residence prior to his marriage. In order to finance the purchase of the property, he gave a first and a second mortgage. One was satisfied before he and appellee married in 1967.
During the marriage, record title to the domicile remained in appellant's name alone. Appellee, however, contributed her earnings and child support payments to a *305 joint bank account from which household expenses, including the mortgage payments, were paid. The second mortgage was satisfied in 1977.
Despite the absence of evidence on the current value of the marital residence, the trial judge apportioned one-half of the principal balance of the second mortgage ($2,850.00) at the time of marriage against the purchase price of the home ($15,000.00) to award appellee a one-sixth interest in the property as a special equity. In making the award, the trial judge erred inasmuch as appellee's contributions to the general living expenses of the parties were "simply non-recoverable contributions to the marriage." Mitchell v. Mitchell, 368 So.2d 628, 628 (Fla. 4th DCA 1979).
In Ingram v. Ingram, 379 So.2d 955 (Fla. 1980), the supreme court held a district court of appeal erred in reversing a trial court's final judgment in which the court refused to grant the husband a special equity in the marital residence. The wife had entered the marriage with title to the house in her name. During the course of their eight-year marriage, the parties contributed to the house payments, although the husband made the largest financial contribution. In quashing the opinion of the appellate court with directions to remand, the supreme court wrote:
The determination of the trial judge that there was no "special equity," as we have defined it ... was proper... . This does not mean that the trial judge was without the discretionary authority to make an alimony award to the husband if such an award was necessary to do equity between the parties.
Id. at 956 (citations omitted).
In the case under review, we reverse the decision on this point and remand the cause with directions to vacate the award of special equity. We note the trial court has the authority under Ingram to consider awarding additional alimony to appellee.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BERANEK, HERSEY and GLICKSTEIN, JJ., concur.