COBB, Chief Judge.
The appellant, Thomas R. Vandegrift, timely appeals a final judgment dissolving his marriage with Mary P. Vandegrift, which granted certain special equities in the marital home to the wife. The facts are essentially undisputed. The parties were married to each other on October 10, 1979, at which time Thomas had two minor children from a prior marriage, and Mary had three children from a prior marriage. Both parties owned their own homes before the marriage, with Thomas owning his home free and clear, and Mary having a small mortgage with monthly payments of $78.00 on her home. At the time of the marriage, the parties agreed to move into Thomas’ house and renovate it to meet the needs of the larger family, and to rent out Mary’s home. A mortgage of $30,000.00, with monthly payments of $341.00, was taken out in Thomas’ name to enlarge his home, and Mary’s home was rented out for $250.00 per month.
During most of the marriage Mary was employed as a bank teller and Thomas worked at Executone. The salary of each was approximately $190.00 per week. During the marriage a joint account was established, and into it the parties placed their respective salaries and the rental income. *639 The two mortgages were paid from this account. The wife used some of her income and child support from the previous marriage with which to purchase $3,500.00 in certificates of deposit for her three children.
In the final judgment, the court found that the rental checks were deposited into the joint account for a period of 34 months, and allowed the wife a special equity in the husband’s home of $172.00 for each month ($250 less the $78 monthly payment on the wife’s home), or a total of $5,848.00. The trial court specifically found that “the parties’ joint account was used to pay for all the parties’ general living expenses, including both mortgage payments, maintenance on both homes, and general expenses incident to a Husband, Wife and five children.”
On appeal, the husband argues that the relatively small deposit of the rental income into the joint account lost its separate indentity, citing Hottman v. Hottman, 418 So.2d 304 (Fla. 4th DCA 1982). In that case, it was held that a wife’s child support money from a prior marriage which she contributed to a joint account used for household expenses, including the mortgage payment on the husband’s home, became “simply nonrecoverable contributions to the marriage.” Hottman relied upon the prior case of Mitchell v. Mitchell, 368 So.2d 628 (Fla. 4th DCA 1979). See also Farkas v. Farkas, 452 So.2d 963 (Fla. 3d DCA 1984).
The husband also contends that, under Ball v. Ball, 335 So.2d 5 (Fla.1976), the rental income here did not emanate from a source clearly unconnected to the marital relationship — on the contrary, it arose solely as a result of the marital relationship. But for the marriage and utilization of the husband’s separate asset, his home, which caused him to incur a $30,000.00 mortgage liability, there would have been no rental income from the wife’s home.
The argument of the husband is persuasive in both respects. Once the rental income was placed in the joint account from which various and sundry marital debts were paid, it lost its separate identity. As we read the Florida Supreme Court case of Landay v. Landay, 429 So.2d 1197 (Fla.1983), a special equity in regard to separate funds may be established by tracing those funds which were then invested in marital assets. In the instant case, the rental income could not be traced to the husband’s mortgage, any more than it could be traced to groceries, medicines, car expenses and other expenditures of the marital parties.
We also agree that it is illogical and unfair to conclude that the rental income produced from the wife’s home came from a source “unconnected with the marriage” when it was made possible by the utilization of the husband’s home. The manner in which the two homes were utilized during the marriage was agreed upon by the parties for the benefit of the entire family. In point of fact, the husband’s equity in his separate property ultimately was reduced in value by the arrangement, since the increase in the value of his home by the addition was less than the balance of his new mortgage at the time of dissolution. On the other hand, the wife’s home had received the benefit of a reduction in her mortgage, which was extant at the time of the marriage.
Accordingly, we reverse the trial court’s findings of a special equity, and affirm in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED for entry of judgment consistent with this opinion.
UPCHURCH, J., concurs.
SHARP, J., dissents with opinion.