547 So.2d 1247 (1989)
Nancy Marshall DRISCOLL, Appellant,
v.
James Henry DRISCOLL, Appellee.
No. 88-1035.
District Court of Appeal of Florida, Fourth District.
August 9, 1989.
Rehearing Denied September 19, 1989.
*1248 William D. Anderson, Jr., of William D. Anderson, Jr., P.A., Stuart, for appellant.
Jeffrey F. Thomas of Swann, Haddock, Kohl, Bobko & McKey, Stuart, for appellee.
LETTS, Judge.
At the conclusion of a dissolution proceeding, the trial court did not award any permanent periodic alimony. We reverse.
This is not an equitable distribution case for, indeed, there is little to distribute. Moreover, we are dealing with a marriage of only 5 years duration, no children, and each spouse having been married before. The wife is fifty-seven years old and upon entering into this union she gave up alimony payments due her from a previous marriage.
The dissolution now before us, has left the wife in a pathetic financial state. She has returned to work at the minimum wage and nets only $154 per week or some $8,000 per annum. The husband is in somewhat better shape, paying himself $450 per week "draw-down" out of his solely owned business which does, in addition, pay for some of his expenses.
The husband argues that this is not a long-term marriage and we do not disagree with that. However, there is no case that prohibits the award of permanent periodic alimony upon dissolution of a five year marriage and we certainly believe it is appropriate under the totality of the circumstances here. Under the terms of the final judgment, the husband was ordered to make twelve $250 payments, one each month. We hold that these monthly payments shall continue as permanent periodic alimony, payable $250 per month, commencing August 15th, 1989.[1]
In all other respects, the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
WALDEN, J., concurs.
GUNTHER, J., dissents with opinion.
GUNTHER, Judge, dissenting:
Although I agree that an award of permanent periodic alimony is proper in this case, I respectfully dissent from that portion of the majority opinion which specifies the exact amount of the award. In my view, the case should be reversed on the issue of permanent periodic alimony and remanded to the trial court to set the amount of the award. See Douglas v. Douglas, 361 So.2d 212 (Fla. 2d DCA 1978); and Hubble v. Hubble, 214 So.2d 896 (Fla. 1st DCA 1968). In all other respects I agree with the majority and would affirm.
NOTES
[1] We assume the twelve monthly payments beginning March 1, 1988, and set forth in paragraph three of the final judgment, have by now been paid.