563 So.2d 813 (1990)
Jesus R. GONZALEZ, Appellant,
v.
Estrella GONZALEZ, Appellee.
No. 89-1836.
District Court of Appeal of Florida, Third District.
July 3, 1990.
Gaston R. Alvarez and Jesus O. Cervantes, Miami, for appellant.
Deborah A. White, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
The husband appeals a final judgment of dissolution of marriage. He contends that the trial court abused its discretion in its distribution of the marital assets, its award of permanent periodic alimony to the wife, and its award of exclusive possession of the marital home beyond the youngest child's age of majority. We affirm the final judgment in all respects other than the award of exclusive possession of the marital home. The equitable distribution of the marital assets and the award of permanent alimony were within the discretion of the trial judge, and we find no evidence that the trial judge abused that discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The trial judge awarded exclusive possession of the marital home to the wife "so long as the minor child resides in the home while attending high school, college or post-graduate education but in no event beyond August 1, 1996."[1] Despite the trial court's characterization of this award as support for the minor child and the wife, it is clear that the award of exclusive possession is an incident of child support. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), review dismissed, 399 So.2d 1142 (Fla. 1981). Although the wife is entitled to exclusive possession of the marital home until the minor child reaches the age of majority, Farrington; Dolch v. Dolch, 368 So.2d 618 (Fla. 2d DCA 1979); see also Markham v. Markham, 485 So.2d 1299 (Fla. 5th DCA 1986), we are unable to sustain the award of exclusive possession of the marital home beyond that time; the husband's obligation for support terminates upon the child's attainment of majority. Farrington; Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984); Thomas v. Thomas, 427 So.2d 259 (Fla. 5th DCA 1983). We, therefore, reverse the provisions of the final judgment relating to exclusive possession of the marital home beyond *814 the age of the youngest child's majority.
Affirmed in part; reversed in part; remanded for entry of final judgment in accordance with this opinion.
NOTES
[1] At the time of the entry of final judgment, May 16, 1989, the minor child was fourteen years old.