578 So.2d 781 (1991)
George L. PEACON, Appellant,
v.
Charlene L. PEACON, Appellee.
Nos. 90-1636, 90-2059.
District Court of Appeal of Florida, Third District.
April 16, 1991.
Rehearing Denied May 22, 1991.
*782 Allison Doliner Hockman, Roy H. Brooks, Jr., Coral Gables, for appellant.
George Vogelsang, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and GERSTEN, JJ.
PER CURIAM.
This case involves the former husband's appeal of a trial court order approving the report of the general master and an order awarding attorney's fees to the former wife. We reverse and remand.
George L. Peacon and Charlene Peacon were divorced in 1977 after thirteen years of marriage. The agreed Final Judgment provided that the wife should have custody of the two minor children and that she should live in the marital home until the youngest child reached the age of majority at which time the home would be sold and the proceeds divided equally. It also provided for child support and varying amounts of alimony until the youngest child reached majority.
The wife filed a petition for modification or other relief in 1988, requesting the court to modify the amount and duration of the former husband's obligation for child support and alimony, and to extend the time that she would be allowed to live in the marital home. By the time of the hearing before the general master, in August of 1989, the youngest child had reached majority and was living with the former husband. Based on financial affidavits, the general master found that the former wife could not earn more than she was currently earning and that the former husband had the ability to contribute to her support even though he was then a striking Eastern Airlines pilot. The general master recommended that the previously ordered alimony be converted to permanent alimony in the amount of $100.00 per week and, furthermore, that the former wife be allowed to live in the marital home until she remarried, chose to move, or died. The trial judge entered an order adopting the report of the general master. A separate hearing was held on the matter of attorney's fees after which the trial judge ordered the former husband to pay $10,000 of the former wife's attorney's fees. The former husband appeals both orders.[1]
We find first that the trial court erred in granting exclusive possession of the house to the former wife for an indefinite time now that the children are emancipated. Under the terms of the 1977 Final Judgment, the former husband received a one-half interest in the parties' home. However, the former wife was granted exclusive possession of the home, for the special purpose of benefitting the parties' children, until the youngest child reached the age of majority. The award of sole possession was obviously an incident of child support for a specified period of time until the youngest child reached majority. See Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Gonzalez v. Gonzalez, 563 So.2d 813 (Fla. 3d DCA 1990); Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), rev. dismissed, 399 So.2d 1142 (Fla. 1981). Now that the youngest child has reached majority, the former husband's obligation to support that child has terminated, and he is entitled to receive distribution of his interest in the home. See Gonzalez v. Gonzalez, 563 So.2d 813 (Fla. 3d DCA 1990) (award of exclusive possession to former *783 wife beyond time minor child reached majority reversed); Farrington v. Farrington, 390 So.2d at 461 (award of exclusive possession coincides with duty to provide child support and terminates upon child attaining majority). Accordingly, we reverse this provision of the final judgment.
Second, we find that the trial court erred in converting the temporary "alimony" to permanent periodic alimony. The pertinent clause in the 1977 Final Dissolution of Marriage provided that:
Husband shall pay to Wife the sum of $100/week Alimony for a period of 2 1/2 years. At the end of that time said payments will be reduced to $50./week for the next three years, and thereafter until the youngest child reaches the age of majority, the sum of $25./week.
The duration and amount of the payments were fixed by the age of the children, and, when read in context with the remaining clauses, were clearly contemplated to be an additional form of child support. See Karch v. Hoffman, 534 So.2d 1229 (Fla. 3d DCA 1988). Thus, it was error for the court to convert this "child support" award into permanent periodic alimony, where, under the terms of the agreement, the "child support" expired upon the emancipation of the youngest child.
Finally, the former husband appeals the trial court order "Judgment for Roof Repairs" entered on August 21, 1990, during the pendency of this appeal, which required the former husband to pay half of the roof repairs on the house. There is an absence of any legal or factual basis in the record to support the order in question. Accordingly, we reverse and vacate the Order for Roof Repairs.
Based upon our findings that the Final Judgment of Modification approving the General Master's report must be reversed, we must also reverse and remand the Order on Former Wife's Motion For Attorney's Fees and Suit Monies in order for the trial court to reconsider the amount of a reasonable fee in light of the substantial alteration of the results obtained by the former wife's counsel. Margulies v. Margulies, 506 So.2d 1093 (Fla. 3d DCA 1987); Keister v. Keister, 458 So.2d 32 (Fla. 4th DCA 1984).
Reversed and remanded.
NOTES
[1] We reject the former wife's argument that this appeal should be dismissed as untimely. The former husband filed Exceptions to the Report of the General Master which were denied on May 14, 1990. The Order denying the exceptions did not adopt or ratify the master's report and thus clearly was neither a final nor non-final appealable order pursuant to Florida Rule of Appellate Procedure 9.130. See Bell v. Bell, 307 So.2d 911 (Fla. 3d DCA 1975). Accordingly, the trial court's subsequent denial of the former husband's motion for rehearing was also not an appealable order. See Wharton v. DuBose, 458 So.2d 411 (Fla. 4th DCA 1984) (grant of motion for rehearing not a final order). On July 5, 1990, the trial court entered an order on the master's report, ratifying and approving the master's findings and recommendations. Thus, the Notice of Appeal filed on July 11, 1990, was timely as the only final order in the case was rendered on July 5, 1990.