ANSTEAD, Judge,
dissenting.
In Driscoll v. Driscoll, 547 So.2d 1247 (Fla. 4th DCA 1989), Judge Letts, writing for the court, declared:
At the conclusion of a dissolution proceeding, the trial court did not award any permanent periodic alimony. We reverse.
This is not an equitable distribution case for, indeed, there is little to distribute. Moreover, we are dealing with a marriage of only 5 years duration, no children, and each spouse having been married before. The wife is fifty-seven years old and upon entering into this union she gave up alimony payments due her from a previous marriage.
*1250 The dissolution now before us, has left the wife in a pathetic financial state. She has returned to work at the minimum wage and nets only $154 per week or some $8,000 per annum. The husband is in somewhat better shape, paying himself $450 per week “draw-down” out of his solely owned business which does, in addition, pay for some of his expenses.
The husband argues that this is not a long-term marriage and we do not disagree with that. However, there is no case that prohibits the award of permanent periodic alimony upon dissolution of a five year marriage and we certainly believe it is appropriate under the totality of the circumstances here. Under the terms of the final judgment, the husband was ordered to make twelve $250 payments, one each month. We hold that these monthly payments shall continue as permanent periodic alimony, payable $250 per month, commencing August 15, 1989.
Id. at 1248 (footnote omitted).
This case is similar to Driscoll. The only significant difference is that here the parties were married in 1979, a marriage more than twice as long as the Driscolls, and it is a sixty-seven year old husband who is seeking partial support from his forty-three year old former wife. The wife earns over $23,000 a year while the husband receives social security payments in the amount of $711 monthly.
The only significant asset of the parties is the marital home, the equity in which was awarded almost entirely to the former wife on her claim of special equity. This award also appears to be improper and contrary to our recent ruling in Amato v. Amato, 596 So.2d 1243 (Fla. 4th DCA 1992). In Amato, we held that funds received by one spouse from a non-marital source, but subsequently mingled with marital assets and used for marital purposes, become marital assets. Here the wife received funds from her parents over a period of years which she deposited in the parties’ joint account, and subsequently used to pay down the parties’ joint mortgage debt on the marital home.
In my view, the dissolution order here falls below the prevailing legal standards in failing to balance the equities. The sixty-seven year old husband was denied support, a fair division of the marital home and other marital assets, and any help with his attorney’s fees. This is the classic scenario described in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), where one spouse has improperly been “shortchanged” and allowed to pass from modest prosperity to serious misfortune. We should not allow this to happen to a spouse of either gender. I would reverse in all respects, except for the dissolution, and direct an equitable division of the marital assets, including the marital home, and require some modest assistance in support from the wife to the husband.