618 So.2d 740 (1993)
Jon Larsen SHUDLICK, Appellant,
v.
Pamela J. SHUDLICK, Appellee.
Nos. 89-2070, 89-3221 and 90-1294.
District Court of Appeal of Florida, Fourth District.
April 14, 1993.
Rehearing and Rehearing Denied June 9, 1993.[*]
*741 Jon Larsen Shudlick, Boynton Beach, pro se, appellant.
William A. Fleck of Renick, Singer, Kamber & Fleck, Lake Worth, for appellee.
Rehearing and Rehearing En Banc Denied June 9, 1993.[*]
PER CURIAM.
We affirm, and hold that the awards by the trial court challenged on appeal by the former husband are supported by competent substantial evidence presented at the final hearing. Accordingly, we cannot substitute our judgment for the informed discretion of the trial court. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983).
On appeal the former husband asserts error in:
1. The award and amount of permanent alimony;
2. the amount of child support;
3. the failure of the trial court to grant the husband a special equity in the parties' property located in Wisconsin;
4. the award of costs and attorney's fees to the wife.
The record reflects a lengthy marriage of approximately seventeen years producing a child who was eight years old at the time of the dissolution. The wife, at the husband's insistence, had not worked during the last ten years of the marriage. There is evidence of the needs of the wife and the child that support the awards of alimony and child support. More importantly, there is evidence to support the trial court's finding that the husband's average annual income is at least $90,000. In several of the years immediately preceding the separation of the parties, the husband's income exceeded $100,000. This evidence appears to be ignored by the former husband in his contentions about support and alimony.
The special equity issue fails simply because the evidence was in conflict, and the trial court ultimately awarded all of this real property to the husband in the division of assets. Finally, the fee award is supported by the evidence, and the amount thereof is not out of line with the husband's own legal expenses.
When considering factual issues resolved by the trial court, as are all of the issues raised herein, we must construe the evidence most favorable to the prevailing party. In so doing here, it is apparent there is an adequate evidentiary and legal basis for each of the trial court's decisions challenged on appeal.
Accordingly, we affirm.
ANSTEAD and STONE, JJ., and BRESCHER, GEORGE A., Associate Judge, concur.
NOTES
[*] Judge Harry Lee Anstead was assigned to this case after Judge Eugene Garrett was disqualified, and in addition to reading the briefs and the record, Judge Anstead was provided a tape recording of the oral argument.