634 So.2d 782 (1994)
John L. WOODARD, III, Appellant,
v.
Jaymie Sands WOODARD, Appellee.
No. 92-2698.
District Court of Appeal of Florida, Fifth District.
March 31, 1994.
Sharon Lee Stedman of DeCiccio & Associates, P.A., Orlando, for appellant.
Jaymie Sands Woodard, pro se.
HARRIS, Chief Judge.
The husband appeals the trial court's finding as to entitlement to and the amount of permanent alimony, the amount of child support and the court's failure to consider an inheritance to the wife, deposited into a joint account, as a marital asset. We reverse.
*783 It might well be that permanent alimony is appropriate in this case; it is impossible, however, to determine that from the Final Judgment the trial court entered. The only consideration of the seven factors enumerated in section 61.08(2) made by the trial court were that the parties had been married for ten years and that their "standard of living" had been "supported in large part by the husband's income." This analysis falls far short of the legislative directive to make "findings of fact relative to the factors enumerated in subsection (2) supporting an award ... of alimony." On remand, the court is instructed to make such findings. See Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993); Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992).
In particular, the court should determine the husband's current income because it is his current income (or income expected in the immediate future) that constitutes his ability to pay. The court instead found that the husband's average income over the past four years would justify the award made in this case. Past average income, unless it reflects current reality, simply is meaningless in determining a present ability to pay. Past average income will not put bread on the table today. The uncontroverted testimony at trial is that the husband's income has been reduced. If the court is going to impute income not apparent from the record, it must indicate the amount and source. Hogle v. Hogle, 535 So.2d 704 (Fla. 5th DCA 1988). See also Wendroff v. Wendroff 614 So.2d 590 (Fla. 1st DCA 1993).
Concerning the wife's inheritance, the court failed to designate as marital or non-marital (or to explain why it failed to do so) the $39,000 the wife inherited but subsequently commingled into the parties' joint account (which account was used for various family purchases). Such a designation is required by 61.075(3), Florida Statutes (1991). See also Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993).
As the court stated in Amato v. Amato, 596 So.2d 1243 (Fla. 4th DCA 1992):
The undisputed facts show that the wife deposited the proceeds into a joint ac count  indeed, the only such account maintained by the parties. There, each party drew upon those funds and others deposited over the years. Florida law is clear that funds so intermingled lose their separate identity and become untraceable. (Citation omitted). Such intermingling creates a presumption that she made a gift to her husband of an undivided one-half interest in the funds on deposit.
In our case, while the husband at one time admitted that the inheritance was the wife's money (as, indeed, it was), the statement was made at the time the wife deposited the funds into her own separate account. The record shows she later withdrew these funds from her separate account and deposited them into the parties' joint account. Once she commingled the funds, the presumption of a gift arose and she had the burden of rebutting that presumption. If she met that burden, the court should tell us so  and how she met it.
REVERSED and REMANDED.
BROCK, N., Associate Judge, concurs.
DIAMANTIS, J., concurs in result only, with opinion.
DIAMANTIS, Judge, concurring specially.
I concur in the result reached in this case.
The record is not clear regarding whether the trial court awarded permanent alimony based upon the husband's past gross earnings or the husband's net earnings. A trial court may, in its discretion, impute income to the husband based on past net earnings and earning potential. Warren v. Warren, 629 So.2d 1079 (Fla. 3d DCA 1994). See also Bascuas v. Bascuas, 538 So.2d 520 (Fla. 3d DCA 1989); Bielecki v. Bielecki, 505 So.2d 546 (Fla. 3d DCA), rev. dismissed, 511 So.2d 297 (Fla. 1987). It constitutes error, however, to calculate the husband's imputed income based on the husband's past gross earnings rather than on the husband's previous net income. Warren, Wendroff v. Wendroff, 614 So.2d 590 (Fla. 1st DCA 1993).
Even though the husband in the present case has not assigned this matter as error, I further agree that the majority opinion in *784 Kennedy v. Kennedy, 622 So.2d 1033 (Fla. 5th DCA 1993), rev. granted, 634 So.2d 625 (Fla. 1994), from which I dissented but am obliged to follow, requires that a trial court make findings concerning all the factors enumerated in section 61.08(2), Florida Statutes (1993), and that this court will reverse any award of alimony if all of the factors are not given explicit consideration. In the present case, the trial court considered the length of the marriage and the respective average incomes of the parties for a period of four years prior to separation, and the trial court's judgment reflects that there were two children born of the marriage. On remand, the trial court should specifically address all seven factors enumerated in section 61.08(2) and may consider, pursuant to the statute, "any other factors necessary to do equity and justice between the parties." I agree with the majority that on remand the trial court is not precluded from awarding alimony.
On remand, the trial court should receive additional evidence regarding the respective financial positions of the parties. The husband testified at trial that in 1992, the year of the divorce, his income dropped significantly. His financial records and federal tax return for 1992 should now be available, which should clarify the issue of the husband's true income.
I also concur with the majority that on remand the trial court should make "specific written findings of fact" regarding whether the wife's inheritance is a non-marital or marital asset as required by section 61.075(3), Florida Statutes (1993). See Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993). I further agree that the trial court should make a finding regarding whether the wife has met her burden of proving that no gift of the inheritance was intended when it was commingled with marital funds and held in a joint account. Amato v. Amato, 596 So.2d 1243 (Fla. 4th DCA 1992). See also Robertson v. Robertson, 593 So.2d 491 (Fla. 1991). I would not, however, require the trial court to detail the evidence supporting its conclusion because no such requirement is contained in either Robertson or Amato or in section 61.075(7). Of course, such detail would aid this court in any subsequent review.