655 So.2d 123 (1995)
Duane H. ROBINSON, Appellant,
v.
Lurana Dupree ROBINSON, Appellee.
Nos. 94-122, 94-1991.
District Court of Appeal of Florida, Third District.
April 12, 1995.
Rehearing Denied June 21, 1995.
*124 Steven Grossbard, Miami, for appellant.
Lubitz, Pariser, Crispin, Warwick, Reynolds & Zipper and Betsy Warwick, Miami, for appellee.
Before BARKDULL, JORGENSON, and GODERICH, JJ.
PER CURIAM.
Duane H. Robinson, former husband, appeals the final judgment of dissolution of marriage from his former wife, Lurana Dupree Robinson, and the final judgment awarding attorney's fees and costs. For the following reasons, we affirm in part and reverse in part.
When the wife filed a petition for dissolution of marriage, the couple had been married for 15 years. The wife is 62 years old and disabled, while the husband, 55, a former crane operator, has only been able to find part-time employment. The final judgment of dissolution of marriage gives the wife assets in excess of $3.5 million, consisting mostly of an inheritance and a settlement from a former marriage. Most of the wife's assets are in real estate; she points out that at least one property is a severe financial drain. The judgment awards the husband more than $200,000, the bulk in three properties that were jointly titled with his wife.
The husband alleges error in the trial court's classification of non-marital property; we agree that the trial court erred when it classified as the wife's non-marital property approximately $640,000 contained in certificates of deposit, money market funds, and other accounts. The money in those accounts came from the sale of property purchased with inherited funds as well as rental proceeds from the wife's investments. However, the wife's non-marital funds in the accounts were co-mingled with marital funds, and there was testimony that the husband often handled the banking duties. "Such intermingling creates a presumption that she made a gift to her husband of an undivided one-half interest in the funds on deposit." Woodard v. Woodard, 634 So.2d 782, 783 (Fla. 5th DCA 1994) (citing Amato v. Amato, 596 So.2d 1243 (Fla. 4th DCA 1992)); see also Thibault v. Thibault, 632 So.2d 261 (Fla. 1st DCA 1994). The record establishes the wife did not rebut that presumption. The money in the accounts should have been treated as marital property.
The husband also alleges error in the trial court's failure to award him some form of alimony. We find no error by the trial court because the husband failed to either plead or prove the need for rehabilitative alimony.
Finally, the husband alleges error in the final judgment awarding attorney's fees and costs. The husband's attorney's fees totaled $13,370, but the wife was only ordered to pay $6,000 because "the husband's *125 position in the case was overreaching and unreasonable based on his limited contributions to the marriage and the wife's poor health." Under the original distribution scheme, the trial court clearly abused its discretion in not ordering the wife to pay all of the husband's attorney's fees, given the far superior ability of the wife to pay. § 61.16, Fla. Stat. (1992); LaHuis v. LaHuis, 590 So.2d 557 (Fla. 3d DCA 1991) ("[W]here the parties' financial positions are not the same, and one party has a superior ability to secure and pay for counsel, the court should award attorney's fees to the disadvantaged party."); see also Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Since the trial court is now required to reassess the distribution of assets, however, we direct the court to at the same time reconsider each party's ability to pay their attorney's fees.
In sum, we remand to the trial court to modify the final judgment to reflect that the couple's accounts are marital property. At the same time, the court will reassess the issue of attorney's fees. In all other respects, the final judgment is affirmed.
Affirmed in part and reversed in part with instructions.