ANTOON, J.
Wendell Crews (the husband) appeals the final judgment dissolving his marriage to Sandra Perkins (the wife). The husband contends the trial court 1) reversibly erred by failing to set forth findings of fact regarding the statutory factors which must be considered in awarding alimony; and 2) abused its discretion in awarding alimony, distributing marital property, and directing the husband to maintain life insurance to secure the payment of his alimony and child support obligations. We affirm.
Review of the final dissolution judgment demonstrates that the trial court properly complied with the statutory requirements for determining an alimony award. See § 61.08, Fla. Stat. (1997). Although not labeled as findings of fact, the relevant findings with regard to the statutory factors are set forth in the adjudicatory portion of the final dissolution judgment. See Woodard v. Woodard, 634 So.2d 782, 783 (Fla. 5th DCA 1994). Accordingly, we affirm the alimony award.
The husband contends that the trial court abused its discretion in failing to equally distribute the parties’ marital assets. The disparity in the property distribution was due to the trial court’s award of lump sum alimony to the wife. Our review of the record reveals that the trial court adequately explained this distribution scheme, and we conclude that the award does not constitute an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980).
The husband also asserts that the trial court abused its discretion in directing him to obtain life insurance to secure his alimony and child support obligations without considering the cost of such insurance. The husband acknowledges that the trial court possesses the authority to require a party to acquire and maintain such insurance, but argues that the court must consider the cost of such insurance before making a determination as to alimony and equitable distribution. See Sobelman v. Sobelman, 541 So.2d 1153, 1154 (Fla.1989); see also Sasnett v. Sasnett, 679 So.2d 1265, 1269 (Fla. 2d DCA 1996). This claim of error is without merit because the final dissolution judgment does not require the husband to obtain life insurance. The judgment merely requires the parties to “work together to determine adequate life insurance on the husband to fund child support and permanent alimony.”
AFFIRMED.
COBB and GOSHORN, JJ., concur.