PER CURIAM.
Sammy Nelson appeals a final judgment of dissolution contending that the trial court erred in awarding Katherine Nelson, appellee/cross-appellant, one-half of the amount by which the parties’ jointly owned retirement account increased in value during the marriage. We affirm. See § 61.076(1), Fla. Stat. (1997). Katherine Nelson cross-appeals, contending that the trial court erred in determining that the initial $30,000 investment establishing that retirement account, which Sammy Nelson received as an inheritance from his mother, did not constitute a marital asset. We find the trial court’s order is supported by competent substantial evidence and affirm. See Amato v. Amato, 596 So.2d 1243 (Fla. 4th DCA 1992); see also Williams v. Williams, 686 So.2d 805 (Fla. 4th DCA 1997); Robinson v. Robinson, 655 So.2d 123 (Fla. 3d DCA 1995); Woodard v. *604 Woodard, 634 So.2d 782 (Fla. 6th DCA 1994); Thibault v. Thibault, 632 So.2d 261 (Fla. 1st DCA 1994).
Finally, the trial court did not err in awarding Katherine Nelson her share of the increased value of the retirement annuity account from the date of the parties’ separation to the date of the final hearing. Both parties agree, however, that the only evidence of the value of the annuity as of April 30, 1998 was $93,980.71, not $96,-437.05, as erroneously reflected in the order on appeal. Accordingly, the case must be remanded to the trial court to compute the award based upon the correct amount.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
ERVIN, VAN NORTWICK AND BROWNING, JJ., CONCUR.