GREEN, Judge.
In this dissolution of marriage action, the former husband, Wolfgang Teschner, appeals the financial provisions of the trial court’s final judgment. We affirm in part and reverse in part.
After a careful review of the trial transcript and record, we conclude that the trial judge properly exercised his discretion in conducting the trial and classifying assets owned individually or jointly by the parties. The wife confesses error with respect to conflicting provisions in the final judgment as to the payment of taxes on property known as the Siesta residence. She acknowledges her obligation to pay one-half of all taxes on this property, and we therefore direct that the trial judge reevaluate the husband’s financial obligation to the wife in that regard.
We also address the matter of attorney fees. The issues advanced by the husband were meritorious. The wife leaves the marriage with substantially more assets than the husband. Although the bulk of these assets are her separate, nonmarital property, the trial judge erred in failing to take into consideration the overall relative financial circumstances of each party with respect to claims for attorney fees and costs. See Adair v. Adair, 720 So.2d 316 (Fla. 4th DCA 1998); Bagley v. Bagley, 720 So.2d 582 (Fla. 4th DCA 1998); Robinson v. Robinson, 655 So.2d 123 (Fla. 3d DCA 1995). We conclude that the wife is obligated to make a contribution to the husband for his fees and costs.
We therefore affirm the final judgment with the exceptions that the trial judge should credit the husband’s obligation to the wife for her share of taxes paid by him on the Siesta residence and that the wife’s *216 obligation for contribution to the husband’s attorney fees and costs be evaluated.
Affirmed in part; reversed in part with directions.
NORTHCUTT, A.C.J., and STRINGER, J., Concur.