ON MOTION FOR REHEARING

ANTOON, C.J.
Following the issuance of our opinion in this case, Mr. McMullan filed a motion for rehearing requesting permission to supplement the record with a copy of the trial transcript. We granted the motion and thereafter received a trial transcript. Upon review, we withdraw the opinion issued on October 15, 1999, and substitute the following in its place.
In July 1998, the trial court entered a final judgment of dissolution which dissolved the marriage between William and Deborah McMullan. The parties had been married since February 1988, and one son was born during the marriage. In the final dissolution judgment, Ms. McMullan was awarded twenty-four months of rehabilitative alimony for purposes of support and primary residential custody of the child.
Mr. McMullan raises four claims of error regarding the final dissolution judgment.[1] First, he claims that the trial court reversibly erred by failing to set forth findings of fact regarding the statutory factors which must be considered in distributing the parties’ marital assets. See § 61.075(3) Fla. Stat. (1997). Our review of the amended final dissolution judgment reveals that, although not labeled as findings of fact, the trial court properly complied with the statutory requirements by setting forth the requisite findings in sufficient detail. See Crews v. Perkins, 731 So.2d 108 (Fla. 5th DCA 1999).
Mr. McMullan’s three remaining claims of error relate to factual determinations made by the trial court in calculating the parties’ income and ordering support. Our review of the trial transcript reveals no abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Having rejected as meritless Mr. McMullan’s claims of error, we affirm the trial court’s final dissolution judgment.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.

. The primary appeal was dismissed for failure to prosecute.