611 So.2d 1354 (1993)
Francis Frederick BUSSEY, Jr., Appellant,
v.
Jean A. BUSSEY, Appellee.
No. 92-960.
District Court of Appeal of Florida, Fifth District.
January 15, 1993.
Gordon V. Frederick, Sanford, for appellant.
Andrea L. Cain and Donald P. Ewald of Cain & Ewald, P.A., Orlando, for appellee.
COBB, Judge.
This appeal concerns the effect of the trial court's failure to include values and marital/nonmarital designations in an equitable distribution award, and the propriety of an award of attorneys' fees.
The husband contends that he is unable to challenge the trial court's equitable distribution award because the final judgment does not include a specific value and marital/nonmarital designation for each asset. As a result, the husband argues, this court is unable to engage in meaningful review of the trial court's equitable distribution award.
Effective July 1, 1991, the legislature added subsection (3) to Chapter 61.075, Florida Statutes:
(3) ... The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
(a) Clear identification of nonmarital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset ... (Emphasis added)
The First DCA has held that failure to include a marital/nonmarital designation and a specific value for each asset requires reversal and remand. Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); Dyson v. Dyson, 597 So.2d 320 (Fla. 1st DCA 1992); Prom v. Prom, 589 So.2d 1363 (Fla. 1st DCA 1991). Cf. Moreno v. Moreno, 606 So.2d 1280 (Fla. 5th DCA 1992) (pursuant to section 61.08, Florida Statutes (Supp. 1992), trial court must include findings of fact supporting award or denial of alimony).
In the instant case, the final judgment simply lists the assets awarded and liabilities assigned to each party but contains *1355 no findings regarding value and marital/nonmarital designation. Without these statutorily required findings, we are unable to review the fairness of the equitable distribution awards.
The husband also appeals the award of attorneys' fees to the wife based on his argument that the wife failed to prove her need and his ability to pay these fees. As to the wife's need, the record contains no conclusive evidence regarding her employment status at the time of the dissolution. We do know that the wife's annual salary in 1991 was $61,560.00 and that she had been notified her employment would terminate in February, 1992. However, it is unclear from the record whether she did, in fact, lose her job at that time. Because the wife's employment status and annual income are unclear, we are unable to determine whether an award of attorneys' fees was proper in this case.
Based on the foregoing, we reverse the final judgment, except as to the dissolution of marriage, and remand with instructions to the trial court to include specific values and marital/nonmarital designations in its equitable distribution of the assets as required by section 61.075(3), Florida Statutes. In addition, the court should hold an evidentiary hearing on the issue of attorneys' fees, at which time it should determine conclusively the wife's employment status and annual income. An express finding regarding same should be included in the final judgment.
REVERSED and REMANDED.
PETERSON and GRIFFIN, JJ., concur.