617 So.2d 373 (1993)
Francis X. McMONAGLE, Appellant/Cross-Appellee,
v.
Peggy McMONAGLE, Appellee/Cross-Appellant.
No. 92-1324.
District Court of Appeal of Florida, Fifth District.
April 16, 1993.
Douglas D. Marks of Potter, McClelland, Marks & Healy, P.A., Melbourne, for appellant/cross-appellee.
Karen T. Brandon of Karen T. Brandon, P.A., Melbourne, for appellee/cross-appellant.
W. SHARP, Judge.
Francis McMonagle appeals from a final judgment of dissolution of marriage questioning the equitable distribution of marital assets, and Peggy McMonagle, his former wife, cross appeals an award of attorney's fees to Francis. The trial judge made findings concerning the nature and value of the parties' marital and nonmarital assets, and awarded the marital assets equally to each party. However, it did not reference the factors listed in section 61.075(1),[1] which should be used in any contested case to justify any equitable distribution of marital *374 assets, fifty-fifty or otherwise.[2] Further, the trial judge expressly stated that he thought the final result of his decree was "inequitable because the Wife will have more than doubled her assets while the Husband's will be cut in half." We reverse.
The record in this case discloses that this was a short, incompatible marriage (less than two years), entered into by the parties when they were fifty-six years of age and it was (at least) a second marriage for both. All of the parties' assets had been acquired prior to their marriage. Neither made any substantial contribution to the other's income or assets during the marriage.
Francis put his residence, which he owned prior to the marriage (valued at $130,000), in their joint names, and also gave Peggy an interest in his certificates of deposit ($19,439.66) by putting them in joint names. Peggy had $60,000 in premarital assets, in which she retained the sole interest. The trial judge found Francis intended to make a gift to Peggy of one-half of his premarital assets. He concluded that Robertson v. Robertson, 593 So.2d 491 (Fla. 1991) and § 61.075(5)(a)5 were controlling, and that they mandate an equal split of these gifted assets.
We think that is a misconception of both Robertson and section 61.075(5)(a)5. The record supports the trial judge's finding that a gift to Peggy was intended of Francis' assets, and therefore they became "marital assets."[3] However, nothing in either the statute or Robertson requires an equal split of marital assets between the parties. That may be a "good starting point"[4] in some dissolution cases, but it should not end with an "inequitable result" in any case.
Accordingly, we reverse the judgment appealed, including the award of attorney's fees, so that the trial judge may revisit this case in its totality. In making an equitable distribution of the parties' marital assets, the trial judge should reference the relevant factors set forth in section 61.075(1).[5]
REVERSED and REMANDED.
DIAMANTIS, J., and WHITE, A.B., Associate Judge, concur.
NOTES
[1] Section 61.075 provides:

(a) The contribution to the marriage by each spouse, including contributions to the care and education of the children and services as homemaker.
(b) The economic circumstances of the parties.
(c) The duration of the marriage.
(d) Any interruption of personal careers or educational opportunities of either party.
(e) The contribution of one spouse to the personal career or educational opportunity of the other spouse.
(f) The desirability of retaining any asset, including an interest in a business, corporation, or professional practice, intact and free from any claim or interference by the other party.
(g) The contribution of each spouse to the acquisition, enhancement, and production of income or the improvement of, or the incurring of liabilities to, both the marital assets and the nonmarital assets of the parties.
(h) The desirability of retaining the marital home as a residence for any dependent child of the marriage, or any other party, when it would be equitable to do so, it is in the best interest of the child or that party, and it is financially feasible for the parties to maintain the residence until the child is emancipated or until exclusive possession is otherwise terminated by a court of competent jurisdiction. In making this determination, the court shall first determine if it would be in the best interest of the dependent child to remain in the marital home; and, if not, whether other equities would be served by giving any other party exclusive use and possession of the marital home.
(i) Any other factors necessary to do equity and justice between the parties.
[2] § 61.075(3), Fla. Stat. (1991).
[3] See Robertson v. Robertson, 593 So.2d 491 (Fla. 1991) and section 61.075(5)(a)5, which provides:

All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity.
[4] Privett v. Privett, 535 So.2d 663, 665 (Fla. 4th DCA 1988); Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986); Tuller v. Tuller, 469 So.2d 212 (Fla. 5th DCA 1985).
[5] Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993); Bain v. Bain, 553 So.2d 1389 (Fla. 5th DCA 1990).