PER CURIAM.
Cynthia Sevor appeals from the final judgment of dissolution of marriage, arguing on appeal that the trial court made an inequitable distribution of the marital assets. Because the final judgment contains no specific findings regarding the value of each significant asset and further fails to include a marital/nonmarital designation for each asset, as required by section 61.075, Florida Statutes (1991), we are not able to review the fairness of the asset distribution. Accordingly, we reverse the final judgment, except as to the dissolution of the marital bond, and remand the case to the trial court to make the requi *610 site findings. See Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993).
It also appears from the record that the wife may have been entitled to some portion of the personal injury settlement received as a result of Eugene Sevor’s accident on June 23, 1987, in which she had a claim for loss of consortium.[1] The trial court is directed to revisit this issue on remand and include a finding in the final judgment relative to the claim.
REVERSED and REMANDED.
W. SHARP, PETERSON and THOMPSON, JJ., concur.

. We do not find by this observation that the wife was so entitled; we leave that determination to the trial court.