PETERSON, Judge.
Joyce Ann Gardner appeals a final judgment of dissolution of marriage. We vacate only paragraph 14 of the final judgment and remand with instructions to the trial court to:
1. Determine whether the vehicles and the liabilities set forth in paragraph 14 of the final judgment are marital or non-marital. Bussey v. Bussey, 611 So.2d 1354 (Fla. 5th DCA 1993); § 61.075(3), Fla.Stat.
2. Reference the factors listed in section 61.075(1) in order to justify the distribution of the marital assets. McMonagle v. McMonagle, 617 So.2d 373 (Fla. 5th DCA 1993).
We note that there is a disparity in the values of the automobiles awarded to each of the parties, that, on the advice of counsel, the husband withdrew $5400 from the parties’ joint bank account of which no portion was awarded to the wife, and that the tuition loan incurred by the wife during marriage may be a marital debt.
The appellant also claims that the court did not sign the Qualified Domestic Relations Order (QDRO) that she prepared post-judgment, that her alimony of $850 per month is inadequate because her basic expenses are $1200 per month, that the husband failed to answer interrogatories, that the trial judge was biased because he had been a student at the university where her husband was a professor, and for various other reasons. The appellant appeared pro se in all but the early portion of the dissolution proceedings. That probably explains why she failed to obtain a hearing date to obtain a QDRO, why she failed to inform the trial court that her basic expenses were $1200 per month and waited until this appeal to assert that amount, why she failed to move for sanctions when the husband failed to answer her interrogatories,[1] and, if she felt so strongly about the alleged bias of the trial judge, why she failed to move for recusal.
The judgment is affirmed except that paragraph 14, which distributes the vehicles and the debt, is vacated. This cause is remanded for compliance with the instructions set forth above.
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP, J., concurs.
GOSHORN, J., dissents without opinion.

. We note that an objection to appellant's interrogatories was made because the request for answers was not provided timely before trial. The objection was sustained.