659 So.2d 1351 (1995)
K. James FINCH, Appellant,
v.
Barbara FINCH, Appellee.
Nos. 94-2021, 94-2437.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
Gary Shader of Shader & Wilson, Maitland, for appellant.
Richard A. Wagner, Orlando, for appellee.
W. SHARP, Judge.
The former husband appeals from a final judgment of dissolution. He argues numerous grounds for reversal, challenging the trial court's equitable distribution of the parties' marital assets and liabilities, and the award to the former wife of $3,885.00 for attorney's fees (which represented approximately 60% of the amount she requested and which the court found to be a reasonable fee) and $738.99 for costs. We remand for further consideration and findings.
It appears in this case that the trial judge equally divided the parties' marital assets, and liabilities, and the judgment set forth the identity and value of the marital assets and liabilities. However, it does not explain nor justify the equitable distribution with reference to the factors listed in section 61.075(1), as is expressly required by section 61.075(3). The judgment merely references three category considerations, without specifically applying them to this case. That is not meaningful for purposes of appellate review. See *1352 McMonagle v. McMonagle, 617 So.2d 373 (Fla. 5th DCA 1993).
We do not take any position on whether the equitable distribution devised by the court is or is not "fair." However, we have some concern that the record in this case indicates this was not a long-term marriage. The former husband gifted the former wife with substantial pre-marital assets (primarily the marital residence). And, he mortgaged pre-marital assets in order to acquire the marital residence. This "marital debt" was left apparently to be paid solely by the former husband and it is secured by his pre-marital properties. The equities for this result are not clear.
The attorney's fee and cost awards appear to be within the trial court' discretion, given indications in the record that the former husband's income from his current employment and non-marital assets greatly exceeded the former wife's. The former wife has no non-marital property. However, these circumstances are disputed by evidence presented to the trial judge, and the trial court made no finding regarding the parties' non-marital assets and income, which could justify the attorney's fee award. Thus on remand, the trial court should make additional findings concerning non-marital assets and income belonging to the former husband.
Accordingly, we remand this cause to the trial judge for additional findings and considerations. The trial judge may revisit the appealed judgment as a whole, in his discretion, so as to do full equity in this case. See Hamlet v. Hamlet, 583 So.2d 654 (Fla. 1991).
REVERSED and REMANDED.
EVANDER, K.I., Associate Judge, concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially.
While I agree the judgment must be reversed and remanded, I do not equivocate regarding what should next occur. In order to render full justice I suggest, due to the passage of time, only a new, complete hearing regarding the economic issues, including fees, will suffice.