HARRIS, C.M., Associate Judge.
In this segment of the serialized drama of the dissolution of the marriage of Mark K. Straley and Stacy Frank [see Straley v. Frank, 585 So.2d 334 (Fla. 2d DCA 1991), reversed, 602 So.2d 1278 (Fla.1992), Straley v. Frank, 612 So.2d 610 (Fla. 2d DCA 1992), and Straley v. Frank, 650 So.2d 628 (Fla. 2d DCA 1994) for prior episodes], we are faced with the question as to what effect our previous decisions had on the trial court’s award of certain property (the beach property) exclusively to Ms. Frank. Although Ms. Frank is not a named party to this action, it is nevertheless her rights to the beach property that is paramount to our inquiry. This is because the named defendants, Dale E. and Patsy Lee Hosman, candidly admit that they had actual knowledge of the ongoing Stra-ley/Frank litigation at the time they purchased the beach property from Ms. Frank. They, therefore, stand in her shoes insofar as their rights are concerned.
Some review of the history of this controversy is required. In Straley I, we were *25 faced with a final judgment that gave most of the assets, including specifically the beach property, to Ms. Frank and all of the marital liabilities to Mr. Straley. Although we were critical of the distribution to Ms. Frank as being “inequitable,” our only specific holding as to the beach property was to reverse the trial court’s denial of Mr. Straley’s claim to a special equity based on his premarital down payment because “[tjhere was no evidence of a gift of this equity to Frank.” On appeal, the supreme court disabused us of this view, holding that the previous burden imposed by Ball v. Ball, 335 So.2d 5 (Fla.1976), in proving whether a gift had been intended, had been legislatively shifted 180 degrees. See Frank v. Straley, 602 So.2d 1278 (Fla.1992).
Thereafter, on remand (Straley II), we affirmed that portion of the final judgment denying a special equity to Mr. Straley in the beach property and the Evtide boat. We then “reversed and remanded” the cause back to the trial court to enter a judgment “consistent” with our opinion.
Back in the trial court, the judge determined that the original final judgment should remain in force, except that $44,471.91 should be paid by Ms. Frank to Mr. Straley “in order to achieve an equal and equitable distribution of the marital assets and liabilities in this case.” This payment was to be made in the form of a three-year note. In Straley III, we found the efforts of the trial judge inadequate:
We reversed the judgment below and remanded with directions that the trial court enter a judgment consistent with our opinion — i.e., one which corrected the specified errors. The trial court has declined to do that. Instead, the revised judgment entered by a successor trial judge simply requires Frank to pay Straley the sum of $44,471.00 in the form of a three-year note, leaving the entire interest in the Mako boat in Frank, and leaving Straley alone responsible for the $111,000.00 marital debt.
The figure of $44,471.00 was arrived at by the trial judge by taking the past depreciation of Straley’s non-marital partnership interest and deducting therefrom the mortgage reduction attributable to Straley’s share. This produced the figure of $89,-029.00, which the trial judge concluded was the amount which the marital estate had been overstated in the original judgment. She then roughly divided this figure by two. This approach, of course, does not resolve the inequitable allocation of the marital debt, and still deprives Straley of his one-half interest in the Mako boat.
We then directed the trial judge to award Mr. Straley the amount originally reflected by the note and, in addition, the sum of $44,579.30. The addition of this amount, presumably, would account for the court’s failure to properly distribute the Mako boat and divide the marital debts and would finally, in the words of the trial judge, achieve an equal and equitable distribution of the marital assets and liabilities. On remand, the trial court complied with our direction. That decision of the trial court was not appealed.
We are by this appeal advised that between Straley II and Straley III, Ms. Frank conveyed her interest in the beach property to the Hosmans. The question before us is whether she owned the entire interest in the beach property at that time and could properly transfer same to the Hosmans. Unquestionably, the original final judgment awarded the entire interest in that property to Ms. Frank. And although our opinion in Straley I as supplemented by our subsequent opinion in Straley II, was critical of the unfair distribution made by that final judgment, it did not specifically reverse the award of the beach property. Instead, it merely remanded the case to the trial court to enter a judgment consistent with the views expressed in those opinions.
Although the trial court could have reopened its previous marital distribution award in its entirety, See, e.g., Finch v. Finch, 659 So.2d 1351 (Fla. 5th DCA 1995); Sweeney v. Sweeney, 583 So.2d 398 (Fla. 1st DCA 1991), we did not direct it do so. As a matter of fact, the trial court specifically elected not to do so. Instead, the court awarded Mr. Straley a sum of money to compensate him for the inequity of the previous award. Although we held that the amount thus awarded was insufficient and substantially increased that amount, we did *26 not alter the previous marital distribution in any other manner.
Mr. Straley contends that by “reversing and remanding” the original final judgment, this court reversed the original final judgment “in whole,” thus depriving it of any validity. That is not the case. We specifically affirmed (admittedly after some prompting) the trial court’s denial of a special equity in Mr. Straley. The purpose of our decision was to require the trial court to correct the designated errors and to reconsider the previous distribution of marital assets and liabilities in light of our expressed views. Although we rejected the trial court’s original distribution, we did not involve ourselves in the details of the marital distribution.
Mr. Straley further contends that the following language in Straley II shows that we contemplated that the beach property would be held by the parties in common:
In view of the fact that neither party to this dissolution action desires to retain any marital asset except the beach property (which they jointly own), the trial court would have been on safer ground had it granted partition of all other marital property and evenly divided the proceeds and the liabilities.
This parenthetic language, made at a time when we were unaware that the beach property had been conveyed, merely reflects that until a marital distribution scheme is finally approved, any previous distribution schedule remains subject to change. We were advising the trial court that on remand it was still not too late, if the trial court considered it appropriate, to make an adjustment to the distribution plan which could include even the beach property. The only thing “final” about the final judgment at that time was the dissolution itself and that is because it was not an issue on appeal. The issue of the distribution of the marital assets and liabilities was very much on appeal. But the trial court elected not to revisit the issue of the ownership of the beach property. Had the trial court, in fact, followed our suggestion and partitioned all the assets and liabilities, then there would have been no need for us to adjust the monetary award to Mr. Straley as we did in Straley III. When the trial court finally complied with our direction and made the appropriate monetary award to Mr. Stra-ley in order to more fairly divide the marital property, the court’s initial plan for the distribution of marital assets and liabilities, including the award of the beach house to Ms. Frank, was finally confirmed.
AFFIRMED.
DAUKSCH and W. SHARP, JJ., concur.