711 So.2d 618 (1998)
Harold Thomas REYNOLDS, Appellant,
v.
Trudy REYNOLDS, Appellee.
Nos. 97-3113, 97-4015.
District Court of Appeal of Florida, Fourth District.
May 20, 1998.
Andrew C. Barnard, Miami, for appellant.
Philip M. Berman, Pompano Beach, for appellee.
DELL, Judge.
Appellant contends that the trial court abused its discretion in the alimony and child support awards, the equitable distribution of the parties' assets, the award of attorney's fees to appellee, the decision relating to the dependency of the parties' disabled child, and the delegation to appellee for preparation of the final judgment. We reverse the equitable distribution award and the award of attorney's fees.
The trial court distributed the parties' assets as follows: Appellant received a 1979 Oldsmobile valued at $500.00, and a retirement plan with a present value of $94,407.58. Appellant is not eligible to receive payments for the full amount under this plan until July 8, 2002. Appellee received the marital home with equity of $61,000.00, a 1992 Cadillac *619 valued at $4,000.00, jewelry valued at $4,780.00, monies from joint accounts of $14,000.00, appellant's 401K plan valued at $15,000.00, and the furnishings of the marital home.
In paragraph 7(k) of the final judgment, the court found that the retirement plan had a present value of $94,407.58. In paragraph 10, the court found that the plan had a present value of $110,000.00. The trial court may have erroneously added the termination value of the plan ($15,293.25) to its present day value of $94,407.58. We find merit in appellant's argument and hold that the trial court abused its discretion because the equitable distribution plan left appellant without any present assets other than the $15,293.58 he would receive only if he elected early termination of his pension plan. See Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990). We also find merit in appellant's argument that the award of attorney's fees constituted an abuse of discretion when considered with the trial court's award of alimony, child support, and plan of equitable distribution.
Accordingly, we reverse and remand with directions to the trial court to restructure the plan of equitable distribution. We also reverse the award of attorney's fees with leave to the trial court to reconsider appellee's claim for attorney's fees in conjunction with the revised plan of equitable distribution. We affirm the final judgment as to the remaining points on appeal.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
GUNTHER and SHAHOOD, JJ. concur.