SCHWARTZ, Chief Judge.
We find no merit in the former husband’s claims of error in various aspects of the final judgment of dissolution, but reverse the order denying attorney’s fees to the wife. Although the trial court found that fees of half of what the wife owed her attorney should be awarded, it also held that it could not assess that amount against the husband because he had no present ability to pay from any liquid asset and, it opined, there was no authority to make such an award out of the substantial pension he was due as a retired county court judge. This was incorrect. There is no reason that fees may not be awarded from the capital assets of the party to be charged or taken from the amounts otherwise distributed to that party in equitable distribution or by making or adjusting a qualified domestic relations order (QDRO) to reach his interest in the pension. See Reynolds v. Reynolds, 711 So.2d 618 (Fla. 4th DCA 1998); Johnson v. Johnson, 602 So.2d 1348 (Fla. 2d DCA 1992). Particularly in the light of the husband’s far superi- or financial situation based on his illiquid interest in the pension fund, see Chandler v. Chandler, 624 So.2d 855 (Fla. 4th DCA 1993), and the trial court’s correct finding that the husband had improperly prolonged and complicated the litigation, for which fees may be awarded even without regard to the ability to pay, see Rosen v. Rosen, 696 So.2d 697 (Fla.1997); McAliley v. McAliley, 704 So.2d 611 (Fla. 4th DCA 1997), we reverse the order denying fees and remand for the trial court to (a) award fees in the amount already determined and (b) order the enforcement of that award in accordance with the trial judge’s discretion and the views expressed in this opinion.
Affirmed in part, reversed in part.