897 So.2d 533 (2005)
Ann W. LINK, Appellant,
v.
Charles E. LINK, Appellee.
No. 5D03-3778.
District Court of Appeal of Florida, Fifth District.
March 4, 2005.
*534 Scott R. McHenry of McHenry Law Firm, P.A., Altamonte Springs, for Appellant.
Charles E. Willits, Orlando, for Appellee.
THOMPSON, J.
Ann W. Link ("former wife") appeals an amended final judgment of dissolution of marriage. We affirm.
The parties, who have no children and who stipulated that alimony is not an issue, were married in 1974. After improprieties by both parties, they ended a 30-year marriage reasonably amicably. The only issues below were attorney's fees and the distribution of marital assets. On appeal, the former wife contends that the trial court erred when it: awarded her real property when she had no experience in property management; did not award her more than 50% of the assets in a Merrill Lynch CMA account; miscalculated her Humana retirement account; and failed to award her attorney's fees.
The parties had modest incomes, but were hard-working and entrepreneurial. They amassed a substantial marital estate by buying real properties, selling them after paying down the mortgages, and then investing the profit in other properties. During the marriage, the parties commingled their assets and assisted each other in purchasing and expanding businesses and *535 in purchasing and maintaining their real estate holdings.
The former wife contends that the trial court abused its discretion in awarding her a vacant property in Winter Garden, for which the former husband was in the process of obtaining permits so it could be improved and sold. She states that the court should have awarded her instead an asset that did not require the former husband's expertise to sell. The distribution of marital assets is reviewed for abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980). In reviewing a truly discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the "reasonableness" test to determine whether the trial court abused its discretion. Id. The discretionary ruling of the trial judge should be disturbed only when the decision fails to satisfy the test of reasonableness. Id. The test of reasonableness requires a determination of whether there is logic and justification for the result. Id. Moreover, the test on appeal is whether the trial court's judgment is supported by competent evidence. Kuvin v. Kuvin, 442 So.2d 203 (Fla.1983).
In the instant case, we think the distribution of the vacant land to the former wife instead of some other asset, when there were no countervailing circumstances, comports with logic and reasonableness. Canakaris, 382 So.2d at 1203. Although the former wife told the court she did not want to be awarded the vacant land because she did not know anything about property development, and although the former husband gave credence to this claim when he promised that he would continue to market the property, we cannot state that the trial court abused its discretion. It is within the discretion of the trial court to select which assets to award which party. Kuvin, 442 So.2d at 203. Here, the distribution of assets was appropriate in view of the ledger detailing the parties' assets. The amended final judgment divided the assets of the parties based upon their testimony concerning valuation of the property and distributed the property so as to equalize the assets. In the amended final judgment, each party received $779,503 in liquid and illiquid assets.[1],[2] The court did not give one spouse liquid assets and the other spouse illiquid assets. Compare Reynolds v. Reynolds, 711 So.2d 618 (Fla. 4th DCA 1998) (holding that trial court abused its discretion in awarding one spouse only liquid assets and the other only illiquid assets). We find the trial court did not abuse its discretion.
Next, the former wife contends that the court erred in denying her request for greater than half of the marital assets. She contends that she was entitled to a greater share of the marital assets because shortly before the parties separated, she received $200,000 in life insurance proceeds and used the money to discharge marital liabilities, including a mortgage and lines of credit on other properties. The trial court found that the former wife had commingled the life insurance proceeds *536 with marital funds and that the money was presumed to be a gift. The court wrote:
Because the wife commingled her inherited, nonmarital funds with marital funds, the inherited funds lost their separate character and became untraceable. Further, the commingling of the nonmarital and marital funds created a presumption that the wife intended a gift to the husband of a one-half interest in the jointly held funds. The facts proven at trial have not sufficiently rebutted this presumption.
The former wife contends that the trial court erred in assuming that the parties' assets had to be divided equally once it determined that the life insurance proceeds were a gift and were part of the marital estate. A determination that the assets were marital because they had been commingled with marital assets does not end the matter, states the wife. In McMonagle v. McMonagle, 617 So.2d 373, 374 (Fla. 5th DCA 1993), we held that although a gift of nonmarital property had been intended, the trial court was not necessarily required to split the marital property in half. We explained that an equal split of the assets may be a good starting point in a dissolution, but that an equal split could be inequitable. Id. The parties in McMonagle were married for less than two years, and the equal division of the assets resulted in the doubling of the former wife's assets and the halving of the husband's assets. In contrast, the parties in the instant case were married for 30 years and co-mingled funds as a matter of course. McMonagle does not apply in this case.
The trial court explained in depth in the amended final judgment why the funds in the CMA account should be divided equally. In the amended final judgment, the trial judge wrote that although the CMA account had been acquired from the former wife's mother, the former wife changed the account to a joint account with her husband, and she deposited her payroll checks into the account. She also withdrew monies from a joint marital account and deposited the money into the CMA account along with money derived from the sale of jointly-owned property. The parties used that account to pay for food, gas, and other marital expenses. The former husband also wrote checks on the account. Citing Belmont v. Belmont, 761 So.2d 406 (Fla. 2d DCA 2000), the trial court determined that the commingling of marital and nonmarital funds within the account made it a marital asset subject to distribution. See also Steiner v. Steiner, 746 So.2d 1149 (Fla. 2d DCA 1999) (holding that "[o]nce the funds were commingled and used for joint expenses, they lost their separate character and became untraceable"); Archer v. Archer, 712 So.2d 1198 (Fla. 5th DCA 1998) (holding that when marital assets and nonmarital assets are commingled, they lose their separate character and become marital assets subject to equitable distribution). The court also determined that the commingling of the funds created a presumption that the wife intended a gift to the husband of a half interest in the jointly held funds. Compare Archer at 1198; Amato v. Amato, 596 So.2d 1243 (Fla. 4th DCA 1992) (finding the commingling inherited funds with marital funds created a presumption that the wife made a gift to her husband of one-half interest in the funds on deposit and it was the wife's burden to prove no gift was intended.) In the instant case, since the court found that the former wife failed to overcome the presumption that her contribution was a gift, and since a gift is designated marital property by section 61.075(5)(a)3, Florida Statutes, we cannot conclude that the trial judge erred when it *537 wrote, "The facts proven at trial have not sufficiently rebutted this presumption."
The former wife contends that the trial court miscalculated with respect to her retirement funds. She states that the award of $43,769 for her Humana account "is duplicative" of the award of $46,424 for her Humana Retirement. Furthermore, she states, the trial court did not state what valuation date it was using for the latter asset. It is impossible to decipher the former wife's testimony on this issue because when the former wife was testifying, she repeatedly referred to paperwork that was before the court and the parties. It is the appellant's burden to demonstrate error, Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979), and the former wife has not done so on this issue. We find no error.
Finally, the former wife argues that the trial court erred when it did not rule on her request for fees and costs even though they were brought to the trial court's attention. The parties agreed that the matter of attorney's fees would be decided in a separate hearing. The former wife filed a motion for rehearing, but subsequently abandoned the motion. In Wentworth v. Johnson, 845 So.2d 296, 298 (Fla. 5th DCA 2003), this court stated that rule 1.525, Florida Rules of Civil Procedure, "was designed to establish a bright line to resolve any uncertainty concerning the timing of post-trial motions, and to bring them to a timely conclusion." The rule required the former wife to file her motion for fees and costs within 30 days of the entry of the amended final judgment, if she wanted the trial court to consider the merits. Since the requirement of the rule was not followed, we do not find that the trial court erred.
In dissolution proceedings, it is not the function of the appellate court to substitute its judgment for that of the trial court. The test is whether the trial court's judgment is supported by competent evidence. Deakyne v. Deakyne, 460 So.2d 582, 583 (Fla. 5th DCA 1984). For us, the standard of review is whether the trial court abused its discretion. Canakaris, 382 So.2d at 1202. Reviewing the amended judgment as a whole to determine if the trial court abused its discretion, Hamlet v. Hamlet, 583 So.2d 654, 657 (Fla.1991), we find the trial court did not abuse its discretion. We find the other issues without merit. Accordingly, we affirm the final judgment of dissolution.
AFFIRMED.
SHARP, W. and TORPY, JJ., concur.
NOTES
[1] Of the $779,503 awarded to the wife, she received $206,276 in cash, IRA and retirement accounts, and jewelry from the former husband.
[2] The former wife contends that there is an error in the court's calculation of the amount of money that she should receive. Instead of $779,503, she contends the amount should be $780,269. However, the error is in the wife's favor because the trial court awarded the wife $11,834 as an equalizer payment. If correctly recalculated, the wife would receive $5,967. Thus, her total would be less money. The former husband recognizes the error, but waives it on appeal.