ORFINGER, Judge.
The trial court erred in rejecting the wife’s proffer of expert testimony concerning the present value of the husband’s military retirement pension. It is now clear that a retirement pension may be considered marital property for purposes of equitable distribution. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). Because remedies of property division and alimony awards are interrelated, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), upon remand, the trial judge should reconsider all such awards.
Additionally, we note the wife’s objection to the trial court’s award to the husband of a 100% special equity in rental property in Ann Arbor, Michigan, a one-half interest in which the husband inherited during the marriage. The remaining one-half interest in that property was acquired by the husband by payment of $30,000 to the other heirs, and that money came from joint funds created by the pooling of assets between the husband and wife at the time of the marriage. These joint funds were found by the trial court to be marital assets. After acquiring the entire interest, the husband conveyed the property to himself and his wife, jointly. It is undisputed that after acquiring this property, the husband and wife contributed funds and labor to improving it and securing appropriate rentals. It would appear that to the extent that marital funds were used to acquire the one-half interest purchased from the remaining heirs as well as to the extent the value of the property was enhanced by the joint funds and efforts of the parties, that proportionate interest should be treated as marital property, so that the award to the husband of a 100% special equity in this property was an abuse of discretion. See Sanders v. Sanders, 492 So.2d 705 (Fla. 1st DCA 1986). Upon remand, the court should determine what interest in the Ann Arbor property is marital property, and treat that interest accordingly in making equitable distribution.
Except as it dissolves the marriage between the parties, the final judgment of dissolution is reversed and the cause is remanded for further consideration in accordance herewith.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.