505 So.2d 699 (1987)
David K. WRIGHT, Appellant,
v.
Miriam R. WRIGHT, Appellee.
No. 86-966.
District Court of Appeal of Florida, Fifth District.
April 23, 1987.
Nancy F. Alley, of O'Neill & Chapin, Orlando, for appellant.
Donna L. Surratt-McIntosh and Kenneth W. McIntosh, of Stenstrom, McIntosh, Julian, Colbert & Whigham, P.A., Sanford, for appellee.
SHARP, Judge.
Both parties agree the sole issue in this appeal is whether the trial judge erred in rendering the final judgment of dissolution by refusing to treat the appreciated value of real estate and a building located on it as a marital asset subject to equitable distribution.[1] The asset was owned by appellee (the former wife) prior to the marriage, and the increase in value was due solely to inflation and growth factors of the Central Florida market place and economy. We affirm.
The record in this case established that in 1970 appellee and her sister purchased real estate located in Sanford, Florida. They constructed a dance studio on the property which houses their "School of Dance Arts." Appellee has continuously operated a dance enterprise on the premises with her sister. In 1975 appellant and appellee were married. Counsel for both parties stipulated that the appreciated value of appellee's *700 half interest in the disputed asset was not the result of the business operated on the property by appellee, nor attributable to any change, repair, renovation or maintenance paid for by appellee's earnings during the marriage. Rather, the increase in value was a passive increase.
Equitable distribution of marital assets in a dissolution proceeding is a courtevolved concept stemming from the seminal case of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Unlike some other "equitable distribution" states where marital assets are defined by statute,[2] Florida has dealt with what constitutes marital assets on a case-by-case basis. However, no appellate court in Florida to our knowledge has held that the appreciated value of one spouse's separately owned asset occurring during a marriage should be considered as a marital asset subject to equitable distribution, absent a showing that either marital funds, assets, or the work efforts of one or both spouses contributed in some measure to the enhanced value of the asset.
In Webb v. Webb, 498 So.2d 1059 (Fla. 5th DCA 1986), this court held the appreciated value of an asset partially inherited by one spouse should be considered marital property subject to equitable distribution to the extent marital funds were used to acquire an ownership interest in the balance of the property, or enhance its value, or to the extent the enhancement was attributable to the efforts of the parties. Implicit in that holding is the converse: if no marital efforts, earnings or funds were used to acquire the asset, or to enhance its value, the asset, together with any appreciated value, is not a marital asset subject to equitable distribution.
In Rion v. Rion, 421 So.2d 541 (Fla. 5th DCA 1982), we upheld a trial court's refusal to equitably distribute the appreciated value of a spouse's prior-owned assets, where the increase was not due to any marital work efforts or funds. Likewise, in Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984), this court reversed the equitable distribution of an asset acquired by one spouse as a gift during the marriage on the ground that it was acquired outside the marital relationship and was not therefore a marital asset. In Gardner, however, the appreciated value of the asset was not established by the record, so the precise issue raised in this case was not addressed.
Similarly, in Sanders v. Sanders, 492 So.2d 705 (Fla. 1st DCA 1986) and Crapps v. Crapps, 501 So.2d 661 (Fla. 1st DCA 1987), our sister court held that the increased value of assets solely owned by one spouse prior to the marriage, or obtained by gift or inheritance, should be considered marital assets subject to equitable distribution, to the extent their increased value was the result of either one or both spouses' work efforts, or the expenditure of marital funds or earnings of the parties. The court in Crapps stated:
... [T]o the extent the husband's marital labor enhanced the value of this separate property and other timber land and bank stock, that this enhanced value should be included as a marital asset in the equitable distribution plan.
501 So.2d at 665.
The position of the appellee in this case appears to be supported by appellate decisions in Florida which have dealt with distribution of assets, acquired by one spouse outside the marital relationship, which have appreciated in value over the course of the marriage. Marital assets are assets acquired during the marriage, created or produced by the work efforts, services or earnings of one or both spouses. Gardner, 452 So.2d at 983. They are the fruit of the couple's activities, working, living, and supporting one another as a team. The passive appreciation of an asset due to inflation or fortuitous market forces, which as in this case, is not attributable in any way to marital funds or efforts, is not a "marital asset" within the parameters of Canakaris. The appreciated value *701 of such an asset retains the sole or separately owned nature of the original asset.
AFFIRMED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
[2] See discussion in Vandegrift v. Vandegrift, 477 So.2d 638, 639 (Fla. 5th DCA 1985) (Sharp, W., J., dissenting).