512 So.2d 987 (1987)
Judith A. SZEMBORSKI, Appellant,
v.
Alfred A. SZEMBORSKI, Appellee.
No. 86-881.
District Court of Appeal of Florida, Fifth District.
August 13, 1987.
Rehearing Denied September 16, 1987.
*988 William M. Barr, of Raymond, Wilson, Conway, Barr, Burrows and Jester, Daytona Beach, for appellant.
Lester A. Lewis, of Coble, McKinnon, Rothert, Barkin, Gordon, Morris & Lewis, P.A., Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
The wife appeals a final judgment of dissolution claiming that the distribution of marital assets was inequitable and that her award of permanent periodic alimony was inadequate. We find no abuse of discretion as to the alimony award but agree that the distribution of marital assets was inequitable.
The husband and wife were married for over twenty-seven years and have two grown children. At the time of the final hearing in January 1986, the parties were both forty-nine years old. The wife was a registered nurse but stopped working when the parties' first child was born. The husband was an engineer but left his position in Texas and moved the family to Florida to go into the motel business. The record reflects that the husband's parents financed the motel venture by loaning funds to the husband and his brother and two sisters. Through a series of maneuvers, mainly for tax avoidance purposes, the husband's parents loaned money to a corporation in which the children, their spouses and the grandchildren have interests. The loans were either paid off from profits of the motel or they were forgiven. Presently the husband has an interest in two family corporations which own the Daytona Inn Seabreeze and the Daytona Inn Broadway. At a 1984 shareholder meeting, it was determined that the market value of the Daytona Inn Seabreeze was 2.5 million and the Daytona Inn Broadway was 4 million.
Following the hearing, the trial court entered a rather lengthy final judgment. The court found that the husband was in good health and that the wife was in poor health and able to work only part time. The court also found that the husband's parents had encouraged the husband and wife to move to Florida to begin a family-run motel business and that over the years, the motels had prospered and the debt pertaining to the motels had been reduced. However, the court found that after the parties' separation, the husband tried to defeat the wife's marital rights by financing large renovation projects to create the appearance of a poor cash flow and a lack of liquidity. The trial court specifically found that these problems were exaggerated and were due primarily to the husband's efforts to defeat the wife's marital rights. The court also found that the testimony of the husband and his two accountant witnesses was misleading and lacking in credibility at important points. The court found that the wife needed and was entitled to receive the marital home, $200,000 payable over twelve years as lump sum alimony, $1,500 per month as permanent periodic alimony, attorney's fees and costs, and other properties and benefits.
On appeal, the husband concedes that the wife received about twenty-eight percent of the parties' assets while the husband received about seventy-two percent. The record simply does not support any reason for awarding the husband close to three times as much as the wife.
The husband's argument that he is financially "strapped" to even meet the awards given to the wife is without merit. Prior to the dissolution, the mortgage on one motel was paid off and the corporation was reducing its debt. After the parties separated, the corporation suddenly borrowed large sums of money for renovation projects. The trial court specifically found that any financial difficulty was entirely the husband's fault. Thus the husband cannot defeat the wife's claim to equitable distribution on this ground.
*989 The husband also argues that "the pattern in cases with long term marriages and significant disparity in wage earning between the spouses is to equitably distribute, often substantially, in favor of the spouse whose career contributed the greatest earnings to the accumulation of marital assets." This assertion is clearly incorrect. This court has described equitable distribution as follows:
Equitable distribution is a court evolved concept in Florida. It is used to achieve a fair division of marital assets, which are those assets acquired by the parties during their marriage from their work efforts, services, and earnings. In determining whether certain property is a marital asset, the question is not which party holds title to the asset. This approach is justified as a means to compensate the homemaker or non-earning partner for his or her contributions to the family unit. Through the mechanism of equitable distribution, assets are generally transferred from the earning spouse to the homemaker spouse since most of the marital assets commonly are in the earning spouse's name.
Laman v. Laman, 490 So.2d 985, 986 (Fla. 5th DCA 1986); Gardner v. Gardner, 452 So.2d 981, 983 (Fla. 5th DCA 1984).
In Laman, this court found that the distribution of assets by the trial court was unequal and inequitable. Apparently the trial court had taken assets titled in both names and awarded them to the wife to achieve a certain level of income. However, the court ignored the value of the assets titled in the husband's name alone, particularly his corporations and real estate. In that case, the wife had worked as a homemaker and outside the home while the husband had engaged in real estate development. The husband's stock and real estate holdings were acquired while both parties were performing their respective marital functions and hence this court held that the corporations and the real estate titled in the husband's name were marital assets subject to equitable distribution.
In the present case, the husband's parents financed the acquisition of the first hotel. However, there was testimony that the parents intended the operation to be a family and not a personal venture. The wife was also personally liable on numerous guarantees for the motels. In Wright v. Wright, 505 So.2d 699 (Fla. 5th DCA 1987), this court described marital assets as those acquired during the marriage, created or produced by the work efforts, services or earnings of one or both spouses. "They are the fruit of a couple's activities, working, living and supporting one another as a team." 505 So.2d at 700. The motel business, regardless of how it was initially financed, was developed by the work efforts of the husband and wife and therefore is a marital asset subject to equitable distribution.
However, the trial court presumably did not award the wife a portion of the husband's shares in the corporation because she did not request that relief and because a minority interest in a family-run corporation would be of little value. The wife, however, did ask for $300,000 payable over five years as lump sum alimony. Adding this $300,000 results in a distribution of fifty-seven percent of the marital assets to the husband and forty-three percent of the marital assets to the wife. This is the relief requested on appeal and is an appropriate method to achieve an equitable distribution of the parties' marital assets.
The wife has also moved for attorney's fees on appeal. On modification of the judgment on remand, the wife should have sufficient assets with which to pay her fees, and accordingly we deny this motion. See Ariko v. Ariko, 475 So.2d 1352 (Fla. 5th DCA 1985); Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982).
In all other respects, the decision of the lower court is affirmed.
AFFIRMED in part, REVERSED and REMANDED, in part.
ORFINGER and SHARP, JJ., concur.