## HOOD v HOOD

Case No. (Please Provide)

Nineteenth Judicial Circuit, St. Lucie County

November 16, 1988

### APPEARANCES OF COUNSEL

**Jack A. Norris,** for wife.

**John E. Sherrard,** for husband.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

#### *FINAL JUDGMENT DISSOLUTION OF MARRIAGE*

The parties in this action married in Farmington, Connecticut in 1969 and lived as husband and wife until their separation in November of 1987. The husband filed for dissolution on 15 December 1987 and the wife answered and counterclaimed on 8 January 1988. The wife's petition contained no request for permanent periodic alimony. This issue was, however, raised at the final hearing without objection of the husband.

At the outset the Court has specifically considered the credibility of

all witnesses in reaching the following factual conclusions that necessarily control the conclusions of law the Court is obligated to make.

Throughout the course of the marriage the wife has worked for little or no compensation in closely held family enterprises in Connecticut, Rhode Island, and finally in Florida. Her labor was directed at making a go of these family concerns. In 1985 the parties moved to Florida and opened a convenience Store Business with the husband's sister and brother-in-law. The wife worked in this business and in another business, Atlantic Marine Canvas. Atlantic was physically located in the Convenience Store and was also owned by her and the husband. The husband, during the pendency of this proceeding, liquidated that concern. The parties also acquired a dwelling that is undisputably a marital asset. The dwelling has a value of Forty-two thousand Dollars ($42,000) and equity of approximately Fifteen thousand Dollars ($15,000).

The husband argues for a special equity in the Convenience Store enterprises and maintains that it was financed by nonmarital funds generated by the sale of his interest in a machine shop. This equity, he argues, was derived from the estate of his late father and amounted to Thirty thousand Dollars ($30,000) which, the husband maintains, was then invested in the Convenience Store.

The Court, based on the testimony of Donna Fagan and the husband, rejects as incredible that contention. Ms. Fagan testified that a Mr. Kopinger purchased the husband's interest and that the husband received and is receiving periodic payments for that interest. The husband further testified that the sale of two condominiums in Rhode Island produced Thirty thousand Dollars ($30,000) which he maintains was also placed in the business. The Court finds that the Thirty thousand Dollars ($30,000) used to finance the business came from the sale of marital assets, i.e., the condominiums.

It should be noted at this juncture that the testimony clearly revealed that the husband was, as it were, calling the financial shots in this marriage. There is also a dearth of documentary evidence to support the patently convoluted financial machinations the husband engaged in. Thus, the credibility of witnesses, in this case, becomes the central issue the Court must resolve.

The evidence further reveals that the husband accumulated credit card debts of almost Twenty thousand Dollars ($20,000) He maintains these were used for the business and for marital expenses. No records were introduced that substantiate this contention. The evidence does, however, reveal that the husband utilized these cards, obtained the funds, used those funds without the wife's knowledge or consent.

103

The Court therefore finds that the business and home are both, in fact, marital assets subject to equitable distribution. In the Court's view this case is strikingly similar to *Szemborski,* 512 So.2d 987 (Fla. 5th DCA 1987). As in that case, the wife labored above and beyond normal homemaking duties in a family business receiving little or no income. Similarly, the cash flow problems appear, as in *Szemborski,* to have resulted from the husband's convoluted transactions involving the businesses credit cards and other financial resources. (See *Szemborski,* noted supra at pgs. 988-989).

The Court therefore is required, for equitable distribution purposes, to value these assets. The marital dwelling has a market value of approximately Forty-two thousand Dollars ($42,000) and is encumbered by a mortgage of approximately Thirty-two thousand Dollars ($32,000).

Valuation of The Convenience Store presents unique difficulties. Evidence has been presented of a concern that, excluding inventory, has an equity value of approximately Six thousand Dollars ($60,000). As in *Szemborski,* the Court finds, based on the credibility of the witnesses, that any financial difficulties in these business enterprises is a result of the previously noted financial machinations by the husband. The Court therefore finds the value of the business to be Eighty-four thousand Dollars ($84,000.) (Equity + Inventory) and the marital dwelling at Ten thousand Dollars ($10,000) (Value − Mortgage). The Court further finds the value of the contents of that dwelling to be Ten thousand Dollars ($10,000).

Applying the principles of *Woodard v Woodard,* 477 So.2d 680 (Fla. 4th DCA 1985), the Court finds no basis, on these facts, for disparate treatment in regard to distribution of these marital assets. The Court will therefore attempt to fashion a form of distribution that will reflect and ensure that the wife is not placed in the acrimonious circumstances generated by the temporary order.

It is, therefore, ordered that the wife receive the marital dwelling free of the husband's interest. It is further order that the wife receive an additional Forty-two thousand Dollars ($42,000) in lump sum alimony payable in monthly installments over an eight year period. *(Szemborski* at pg. 989).

Turning to question of permanent periodic alimony raised at the final hearing; this issue was not raised in the pleadings nor was there a motion to amend the pleadings to conform the pleadings to the evidence made at the conclusion of the hearing. It would appear, therefore, that this issue is controlled by *Cooper v Cooper,* 406 So.2d

104

1223 (Fla. App. 4th DCA 1981), *Hines v Hines,* 494 So.2d 297 (Fla. App. 3d DCA 1986) and is, therefore, not properly before the Court.

Assuming arguendo that the foregoing is incorrect the Court finds that the evidence is inadequate to support a basis for an award. Although this is a long term marriage the unusual posture of the evidence in this case supplies no basis for a determination of the wife's needs nor the husband's ability to pay. Finally, the Court rejects, as unreliable, evidence the wife's misconduct on the issue of alimony.

Applying *Gibson v Gibson,* 13 FLW 529, the Court will award fees and costs to the wife and retains jurisdiction for that purpose.

**DONE AND ORDERED** in Fort Pierce, St. Lucie County, Florida, this 16th day of November, 1988.