620 So.2d 1300 (1993)
Beverly HEMRAJ, Appellant,
v.
Goordial HEMRAJ, Appellee.
No. 92-0993.
District Court of Appeal of Florida, Fourth District.
June 23, 1993.
Clarification Denied July 30, 1993.
Lynn G. Waxman of Lynn G. Waxman, P.A., West Palm Beach, for appellant.
Ronald E. Jones of Ronald E. Jones, P.A., West Palm Beach, for appellee.
STONE, Judge.
We reverse a final judgment of dissolution. In denying alimony, the trial *1301 court omitted the findings of fact mandated by section 61.08(1), Florida Statutes.
Although the pleadings do not contain a specific demand for alimony, that issue was clearly tried by implied consent. The wife's pretrial statement provided for "non-deductible, non-reportable permanent periodic alimony," as a disputed issue to be tried. That statement also listed "security" for alimony as an issue. The husband raised objections to portions of the wife's pretrial statement, but none were directed to the alimony claim. In opening statements at trial, the wife's lawyer argued for alimony and the husband's lawyer argued against it on grounds of her alleged misconduct, but no question was raised concerning whether it was an issue before the court. In closing, the wife requested $800-$1,000 per month alimony and the husband's attorney asserted that she was not entitled to it because she had chosen a low earning career and was guilty of adultery. Again, no question was raised concerning alimony as an issue.
Florida Rule of Civil Procedure 1.190(b) provides:
when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure to so amend shall not affect the result of the trial of these issues... .
We do note that in Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981), this court vacated an alimony award because no such relief was requested in the pleadings. However, in that case an objection to considering the issue was raised at trial, along with a claim of prejudice due to the absence of any notice. Obviously, these factors are not present in this case.
We also reverse the child support award for further consideration as the record reflects that the wrong percentage figures with respect to the wife's income were used in applying the child support guidelines. Additionally, on remand the trial court may review the alimony award with respect to the impact of the subsequent sale of the parties' home.
As to all other issues raised, we find no error or abuse of discretion. The judgment is reversed and remanded for further proceedings.
GLICKSTEIN, C.J., and POLEN, J., concur.