PER CURIAM.
The appellant, Debbie Lynn Shiver, challenges a trial court order which awarded her former husband, David Justin Deen, the primary residential care of the parties’ two children. We remand for the entry of an order in connection with certain medical expenses incurred on behalf of the children, but affirm the trial court in all other respects.
The marriage of the parties was dissolved in 1993. The final judgment provided that the parties would have shared parental responsibility of their two children and that the children would spend alternate two week periods residing with each parent. In addition to other provisions not pertinent to this appeal, the final judgment required the husband to maintain health insurance on the children as provided by his employer or to reimburse the wife for health insurance costs of the children. Both parents were ordered to be equally responsible for all reasonable and necessary medical, dental, pharmaceutical, orthodontic, and ocular expenses not covered by the insurance.
When the children approached school age, both parties filed petitions to modify the final judgment. Each parent requested that they be awarded primary custody of the children and that the other parent be required to contribute child support.
At the final hearing, in addition to evidence concerning the best interests of the children, the wife introduced, without objection, certain medical and drag bills that had been-incurred on behalf of the children. The first group of bills consisted of expenses that had not been paid because the husband did not have the proper medical insurance, and the second group consisted of bills which were partially covered by insurance. Although the husband did not object to the introduction of the bills, the court denied the wife’s request for reimbursement of the husband’s portion of the expenses she had paid because she had not requested this in the pleadings. At the conclusion of the hearing, the court awarded primary custody of the children to the husband and the wife filed a timely appeal from the court’s written order.
We find that there was sufficient competent evidence to support the court’s award of primary custody of the children to the husband and, accordingly, affirm that portion of the order without further discussion.
Under the circumstances of this case, the wife is entitled to be reimbursed for that portion of the children’s medical and drug expenses that she paid and that the husband was obligated to pay under the terms of the final judgment dissolving the marriage. Since the husband in his brief, and at oral argument, agreed that he is responsible for a portion of the bills that were admitted into evidence, it is not necessary for us to decide if this issue was tried with the implied consent of the parties and if the court erred in denying the wife’s request for reimbursement. See Fla.R.Civ.P. 1.190; Hemraj v. Hemraj, 620 So.2d 1300 (Fla. 4th DCA 1993). Because the final judgment requires the husband to make certain payments and the husband has agreed that he is responsible for doing so, we reverse and remand with instructions to determine the extent of the husband’s responsibility in connection with the bills that were admitted into evidence.
*11 Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and BLUE and WHATLEY, JJ., concur.