PER CURIAM.
Appellant contends that the trial court’s award of primary residential custody to ap-pellee constituted a denial of fundamental due process. Appellant also contends that the trial court abused its discretion in its award of primary residential custody to ap-pellee. We affirm.
Appellant argues that appellee failed to seek custody of the parties’ minor child by way of an express pleading. However, the parties filed a joint pretrial stipulation which listed among the issues to be tried:
Whether child’s residence should be restricted to reasonable geographic area in South Florida.
In the event wife insists upon removing the child’s residence from Palm Beach County, Florida, then whether the best interests of the child would be served by being placed in the permanent residential care of the husband.
The stipulation also contained the parties’ witness lists. Appellant listed witnesses who would testify as to appellee’s “drug use and fitness as a parent.”
The record does not support appellant’s argument that she lacked notice of the appellee’s intent to seek custody of the minor child, nor does it support her contention that she was denied fundamental due process. Appellant’s counsel failed to seek a continuance, and the record shows that appellant presented evidence in opposition to the ap-pellee’s claim for custody. Based on the *867 record before us, we hold that the trial court’s award of primary residential custody to appellee did not result in denial of fundamental due process to appellant. See Hemraj v. Hemraj, 620 So.2d 1300 (Fla. 4th DCA 1993).
Appellant also argues that the trial court should have had the benefit of psychological or other professional evaluations as to the fitness of the parties to be the residential custodial parents. However, appellant’s failure to raise these issues before the trial court precludes us from considering them for the first time on appeal. See Dober v. Worrell, 401 So.2d 1322 (Fla.1981). Finally, the record shows that the trial court had sufficient evidence before it to support its determination of the custody issue.
AFFIRMED.
DELL and STEVENSON, JJ., and MUIR, CELESTE H., Associate Judge, concur.