746 So.2d 1149 (1999)
Deborah H. STEINER, Appellant,
v.
Franklin W. STEINER, Appellee.
No. 98-04130.
District Court of Appeal of Florida, Second District.
November 17, 1999.
*1150 Mark Dungan of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellant.
Douglas A. Wallace, Bradenton, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant/wife, Deborah H. Steiner, challenges the distribution of marital assets in the final judgment of dissolution of marriage. As we will explain, we affirm in part and reverse in part on the issues raised by the Wife. In addition, Appellee/husband, Franklin W. Steiner, cross-appeals the court's separate determination that the parties' antenuptial agreement was unenforceable. Because we conclude that the evidence supports the trial court's conclusion, we affirm on the Husband's cross-appeal. Additionally, because the parties agree that the judge erred in restricting removal of the parties' children from Florida, we direct that the trial court eliminate that provision on remand.
The principal issue raised by the Wife is whether a SunTrust bank account, maintained by the Husband jointly with his mother (who died some years ago), was a marital account, as to which the Wife would be entitled to share not only in the funds in the account, but also in the value of the payments made out of the account during the marriage. The trial court found that because the Wife was not listed on the account and the Husband did not hold the account jointly with the Wife, it was nonmarital, and, further that the funds deposited into the account, regardless of their source, did not become marital funds. This was error.
"In determining whether certain property is a marital asset, the question is not which party holds title to the asset." Szemborski v. Szemborski, 512 So.2d 987, 988 (Fla. 5th DCA 1987). Marital assets are those acquired during the marriage, created or produced by the work efforts, services, or earnings of one or both spouses. See Wright v. Wright, 505 So.2d 699 (Fla. 5th DCA 1987). Even if an account is titled in one spouse's name alone, it may become marital if both marital and nonmarital funds are commingled in that account. See Adkins v. Adkins, 650 So.2d 61 (Fla. 3d DCA 1994).
In the instant case, the parties had two sources of income: wages from the Husband's employment and proceeds from three rental properties. The Husband deposited both types of income into the SunTrust account, which was the parties' only bank account. The way in which the Husband acquired and held these rental properties, both before and during the parties' marriage, is critical.
The Husband entered the marriage with three rental properties, the Webber Street property, the Sixth Street property, and a third property. All three properties were titled solely in the Husband's name. Shortly after the parties' marriage, the Husband sold the third rental property and used the profit from that sale to make a down payment on another rental property, the Ninth Street property. Also after the parties married, the Husband applied an additional portion of the profit from the sale of the third rental property to a down payment on the parties' marital home on *1151 Main Street. This brought the total number of properties the Husband owned to four. He kept all four properties titled in his name alone. The funds used to make the down payments on the Ninth Street property and the marital home could be properly traced back to the Husband's sale of that third rental property he had owned prior to the marriage. The record reveals that both parties participated in the management of the rental properties.
During the marriage, the parties used the SunTrust account for all of their banking transactions. All of the mortgage payments on the rental properties were paid out of the SunTrust account, and proceeds from the rental properties were deposited into the SunTrust account. Similarly, the Husband's earnings were deposited into the SunTrust account, and the parties' living expenses were paid out of that account. There was also some evidence that the Wife exercised signature authority on the SunTrust account from time to time.
First, we must agree with the trial court that, based on the above facts, the Webber Street and the Sixth Street properties, which the Husband had owned prior to the marriage and never in any way gifted to Wife, were nonmarital assets. Likewise, the marital home and the Ninth Street properties were nonmarital assets to the extent that their purchase prices were paid with proceeds that are traceable to the Husband's sale of the rental he had owned prior to the marriage.
However, we conclude that the rental income from these primarily nonmarital assets was marital property because it was generated by the active participation and involvement of both parties; it was not obtained by merely passive appreciation in value, as argued by the Husband. To the contrary, the parties had to maintain, advertise and otherwise actively manage the rental properties in order to produce the rental income. Because the record reveals that both the Husband and the Wife participated in this management, the rental income became marital property. See Rosenfeld v. Rosenfeld, 597 So.2d 835 (Fla. 3d DCA 1992); Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992).
When the Husband then deposited this marital property into the SunTrust account, commingled it with his earnings and paid the parties' living expenses out of that account, the SunTrust account itself became marital property. See Stevens v. Stevens, 651 So.2d 1306 (Fla. 1st DCA 1995). Once the funds were commingled and used for joint expenses, they lost their separate character and became untraceable. See Terreros v. Terreros, 531 So.2d 1058, 1060 (Fla. 3d DCA 1988).
Having concluded that the SunTrust account became a marital account, we necessarily also conclude that all principal mortgage reductions paid out of that account on the four properties became marital property. See § 61.075(5)(a)2., Fla. Stat. (1997). As a result, the court erred when it reduced the Wife's share of those reductions by an amount "commensurate with the percentage of time Wife participated in maintaining the rentals of the property during the marriage." The fact that one spouse may have a more active role in the accumulation of marital assets does not dictate that the marital partners should share in marital assets based on the degree of their role in this acquisition. See Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986).
We, therefore, reverse and remand the trial court's determination that the SunTrust account was nonmarital. On remand, the parties shall share equally in both the funds in the SunTrust account and the mortgage paydowns that were paid out of the SunTrust account. However, the amount of the paydowns traceable directly to the sale of the Husband's nonmarital Winn-Dixie stock shall not be included in the mortgage paydowns that the parties shall share equally. Furthermore, the parties agree that the trial judge erred in including in the final judgment a provision restricting removal of the parties' children *1152 from the state of Florida. Neither party requested such a restriction, and on remand it shall be eliminated. Finally, because we conclude that the evidence supports the court's conclusion on the parties' antenuptial agreement, we affirm on the Husband's cross-appeal.
Affirmed in part, reversed in part and remanded.
GREEN and DAVIS, JJ., Concur.