758 So.2d 1179 (2000)
Marci NIERENBERG, Appellant,
v.
Richard NIERENBERG, Appellee.
No. 4D99-0356.
District Court of Appeal of Florida, Fourth District.
May 3, 2000.
Eugene S. Garrett, Boca Raton, for appellant.
Edgar E. Stephens, III, Christiansen & Jacknin, West Palm Beach, for appellee.
KLEIN, J.
In calculating appellee father's net monthly income for purposes of determining child support, the trial court deducted $1,075 which was listed by the husband as what he had been paying as temporary child support for the same children. The court also deducted an additional seventy-three dollars for no explicable reason. Appellant mother moved for rehearing, pointing out these errors, without success, and she now appeals. The father provides no explanation for the court's deduction of these two items, and we accordingly reverse.
The mother also argues that the trial court erred in failing to require the father to pay child support retroactive to the petition for modification. The marriage of the parties was dissolved in 1992, and the father was given primary residential custody. The mother, by agreement, became primary residential custodian in October 1997; however, the father, a physician, paid little or no child support until he was ordered to do so in mid-1998. In denying the retroactive child support the court gave the following reason:
The animosity that is there, the difficulty in visitation that is created by the actions of the parties which results in the needless expenditure of the attorney's fees for court appearances, some of which were generated unnecessarily when the Former Wife or her attorney did not even appear for scheduled hearings, and while the overall ability to pay was present and the need was also present during the time from the filing of the petition forward, the Court still firmly believes that it would be inappropriate to tax retroactive child support and that the established amount of child support *1180 as set forth in the order should proceed from the date of the order forward and should not be retroactive.
When child support is modified, retroactivity is the rule rather than the exception. DeSantis v. Smith, 634 So.2d 796 (Fla. 4th DCA 1994). Although the award of retroactive child support is discretionary, appellate courts routinely find it to be error to not award it. Anderson v. Anderson, 609 So.2d 87 (Fla. 1st DCA 1992) and cases cited.
The father has cited no authority which would support denial of retroactive child support, and the reasons given by the trial judge do not support it either. We therefore reverse and remand for child support to be recalculated and made retroactive to the date in October 1997 when the mother became primary residential custodian.
FARMER and STEVENSON, JJ., concur.