885 So.2d 919 (2004)
Laura Haydar LEVENTHAL, Appellant,
v.
Marvin LEVENTHAL, Appellee.
No. 3D03-468.
District Court of Appeal of Florida, Third District.
September 29, 2004.
Rehearing Denied November 10, 2004.
*920 John Elias, for appellant.
Leinoff & Lemos, Coral Gables; and Cynthia L. Greene, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH, and RAMIREZ, JJ.
PER CURIAM.
In this dissolution of marriage case, the former wife Laura Haydar Leventhal appeals the trial court's order in which the court adopted and ratified excerpts of a hearing held on the parties' motions for rehearing, and the final judgment. We affirm the orders on appeal, but reverse the trial court's denial of retroactive child support to the former wife because its denial constituted an abuse of discretion.
A trial court abuses its discretion when it fails to award retroactive child support from the date of the filing of a petition for dissolution of marriage where there is a need for child support and an ability to pay. See Krufal v. Jorgensen, 830 So.2d 228, 230 (Fla. 4th DCA 2002); Levi v. Levi, 780 So.2d 261, 263 (Fla. 3rd DCA 2001); Bardin v. Dep't of Rev., 720 So.2d 609, 611 (Fla. 1st DCA 1998). The record reflects that the parties' minor child needed support and the former husband had the ability to pay at the time during which the former wife filed her counter-petition for dissolution of marriage. In her counter-petition, the former wife requested child support. She also requested child support in her subsequent motion for temporary relief. It is undisputed that the former wife was unemployed outside of the home during the parties' long term marriage. The trial court found that the former husband had a gross annual income of $50,750.00.
We thus see no reason that would preclude an award of retroactive child support in favor of the former wife from the time of the filing of the counter-petition for dissolution of marriage. Therefore, we reverse the trial court's denial of retroactive child support in its final judgment, and affirm the final judgment in all other respects. The order on the parties' motions for rehearing is likewise affirmed.
Affirmed in part and reversed in part.