RAMIREZ, J.
(dissenting).
I respectfully disagree with the majority’s affirmance in this case under the authority of Miller v. Schou, 616 So.2d 436 (Fla.1993). The Miller case, in fact, would support a reversal.
The mother appealed the trial court’s denial of her exceptions to the report and recommendations of the hearing officer because the hearing officer’s conclusions were legally erroneous. In particular, she alleges as error the fact that the hearing officer’s report stated that “the mother has not met her burden of proof to support an upward modification of child support. The children’s needs are being fully met....” As Miller makes clear, the hearing officer is simply wrong as a matter of law. Miller states, “a substantial change in the paying parent’s income is itself sufficient to constitute a change in circumstances warranting an increase in child support without a demonstration of increased need.” Id. at 437. The mother presented overwhelming evidence that the father’s income had increased substantially.
The father had been paying $12,000 per month in child support. The hearing officer found that the presumptive child support amount to be awarded pursuant to the child support guidelines was $23,483 per month for one child; $35,294 for two children; and $44,680 for three children. Under section 61.30(l)(b), of the Florida Statutes, the guidelines establish a substantial change in circumstances upon which a modification may be granted if the difference between the existing monthly obligation and the amount provided for under the guidelines is at least fifteen percent. Because the father is paying less than twenty-seven percent of the guidelines’ presumptive child support, I believe the mother sustained her burden of proving a substantial change.
*829 The evidence presented at the hearing overwhelmingly confirmed a substantial change in the father’s income. The parties settled upon an initial amount of child support in a 1995 agreement whereby the father would pay $6,500 per month, an amount not computed in accordance with the guidelines. Thereafter, the parties agreed to increase the child support to $10,000 per month and later, in the year 2000, the parties agreed to a further increase to $12,000 per month. None of these modifications were computed based upon any form of financial disclosure or upon the child support guidelines.
In 2003, the mother petitioned for modification. The hearing officer found that the father’s net monthly income was $453,483, yielding a net annual income of $5,441,796. It is undisputed that this was substantially higher than his prior income.
The majority opinion does not address the hearing officer’s erroneous legal analysis. Understandably, the amount of child support the mother is receiving does not elicit much sympathy for her cause. Perhaps using the correct legal analysis, the hearing officer would have arrived at the same result, but I believe placing the burden on the mother may have skewed the result. We can review de novo the hearing officer’s legal reasoning.
I agree with the majority opinion that factual determinations should be affirmed if supported by competent substantial evidence, but there is nothing on the record to support the finding that the father was paying $12,000 per month when it is undisputed that he has been paying $9,000 per month. Evidently, the hearing officer believed that $12,000 per month met the needs of the parties’ two minor children. Neither the circuit judge nor the majority of this panel have addressed this discrepancy. I believe the trial court abused its discretion in not correcting this error and in not ordering the father to pay $12,000 per month retroactively. Nierenberg v. Nierenberg, 758 So.2d 1179, 1180 (Fla. 4th DCA 2000) (finding that the trial court erred in failing to make child support modification retroactive to date of petition for modification; retroactive award in such cases is the rule rather than the exception). See, e.g., Brock v. Brock, 695 So.2d 744, 745 (Fla. 1st DCA 1997).
I would reverse.