DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LORI D. CARTER,**
Appellant,

v.

**AARON G. CARTER,**
Appellee.

Nos. 4D2025-1183 & 4D2025-1193

[April 29, 2026]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Dina Keever-Agrama, Judge; L.T. Case No. 502023DR006228XXXXNB.

Eddie E. Stephens, III of Stephens & Stevens, PLLC, West Palm Beach, for appellant.

Cindy Ann Crawford of Law Office of Cindy A. Crawford, PLLC, Palm Beach Gardens, for appellee.

SHAW, J.

In this cross-appeal following a Final Judgment on Dissolution of Marriage (the "final judgment"), Lori D. Carter ("Wife") appeals the circuit court's failure to award retroactive child support and failure to distribute family photographs and videos, while Aaron G. Carter ("Husband") appeals the circuit court's calculation of Husband's income, award of alimony to Wife, and inclusion of four promissory notes as marital liabilities.

We affirm without discussion the issues raised by Husband. For the reasons discussed more fully below, we reverse on the issues raised by Wife and remand to the circuit court for further proceedings.

## I. BACKGROUND

Wife and Husband married on July 14, 2011. They share a minor child. On July 18, 2023, Husband filed his petition for dissolution of marriage and other related relief. Wife filed an answer and counterpetition for dissolution of marriage and other related relief. The minor child resided

solely with Wife for most of the separation period.

On January 15, 2025 and January 30, 2025, the circuit court held a final hearing on these matters.

Wife called a forensic accountant to testify on Wife's income and need for alimony, as well as Husband's income and monthly surplus. The forensic accountant prepared an extensive trial exhibit binder utilizing the parties' financial records for the calculations. The forensic accountant also testified on retroactive child support and conducted an analysis for such award.

Before and during trial, Husband's unwillingness to share family photographs and videos located on his hard drives became a heated point of contention between the parties. Ultimately, given the upcoming memorial service for Wife's recently-deceased mother, the circuit court entered a written order requiring Husband to provide Wife with hard drives containing photographs of Wife's mother within forty-eight hours.

On March 11, 2025, the circuit court issued its final judgment. Relevant here, the final judgment did not award retroactive child support to Wife. Additionally, the family photographs and videos contained on Husband's hard drives were not included in the equitable distribution list.

## II. STANDARDS OF REVIEW

"The standard of review for a child support award is abuse of discretion." *Smith v. Loffredo-Smith*, 230 So. 3d 898, 899 (Fla. 4th DCA 2017).

The standard of review of a trial court's determination of equitable distribution also is abuse of discretion. *See Whittaker v. Whittaker*, 331 So. 3d 719, 720–21 (Fla. 4th DCA 2021). "However, '[a] trial court's legal conclusion that an asset is marital or nonmarital is subject to de novo review.'" *Id.* at 721 (citation omitted).

## III. DISCUSSION

We divide our discussion into two parts. First, we discuss why the circuit court erred in failing to award retroactive child support to Wife. Second, we discuss why the circuit court erred in failing to equitably distribute the family photographs and videos obtained during the parties' marriage.

2

*A. The Circuit Court Erred in Failing to Award Retroactive Child Support*

"A trial court abuses its discretion when it fails to award retroactive child support . . . where there is a need for child support and an ability to pay." *Leventhal v. Leventhal*, 885 So. 2d 919, 920 (Fla. 3d DCA 2004). "Although the award of retroactive child support is discretionary, appellate courts routinely find it to be error to not award it." *Nierenberg v. Nierenberg*, 758 So. 2d 1179, 1180 (Fla. 4th DCA 2000) (citing *Anderson v. Anderson*, 609 So. 2d 87 (Fla. 1st DCA 1992)). In *Nierenberg*, we found error where no authority was cited to support the denial of retroactive child support and the reasons given by the circuit court did not support the denial either. *See id.*

In denying retroactive child support here, the circuit court found no evidence was presented regarding the child's need and the parties' ability to pay. This was incorrect. Wife presented competent substantial evidence on the minor child's needs and Husband's ability to pay. Specifically, a forensic accountant testified on the need for retroactive child support and calculated an award amount based on Husband's ability to pay. This evidence was uncontroverted. Additionally, Husband conceded he had not been paying regular child support during the separation period, during most of which the minor child had resided solely with Wife.

Furthermore, in declining to award retroactive child support, the circuit court cited *Martinez v. Martinez*, 911 So. 2d 288 (Fla. 2d DCA 2005), for the unremarkable proposition that a retroactive child support award is discretionary. But *Martinez* is inapposite. It did not involve retroactive child support at all. Instead, it addressed a circuit court's error in requiring a couple to equally share the child's uncovered medical expenses. It offers no insight into whether a retroactive child support award would be appropriate in this case.

Thus, the circuit court erred in failing to award retroactive child support to Wife. *See Leventhal*, 885 So. 2d at 920. We reverse and remand for the circuit court to determine the retroactive child support amount to be awarded to Wife. *See Nierenberg*, 758 So. 2d at 1180.

*B. The Circuit Court Erred in Failing to Equitably Distribute the Family Photographs and Videos as Marital Assets*

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fla. R. Civ. P. 1.190(b); *see also Hemraj v. Hemraj*, 620 So. 2d 1300, 1301 (Fla. 4th DCA 1993) (holding issue of

alimony, though not specifically stated in the pleadings, was clearly tried by implied consent where wife requested and husband objected to such award pretrial and during trial).

"Marital assets and liabilities include all of the following . . . [a]ssets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them." § 61.075(6)(a), Fla. Stat. (2024).

"Although a property distribution need not be exactly equal, parties to a dissolution proceeding are entitled to an equitable distribution of the marital assets." *Buttner v. Buttner*, 484 So. 2d 1265, 1266 (Fla. 4th DCA 1986). The crucial inquiry for what is considered a marital asset "should be whether the property was legally and beneficially acquired by both or either of the parties during the marriage." *Id.* at 1266–67. "Marital assets are assets acquired during the marriage, created or produced by the work efforts, services or earnings of one or both spouses. They are the fruit of the couple's activities, working, living, and supporting one another as a team." *Wright v. Wright*, 505 So. 2d 699, 700 (Fla. 5th DCA 1987) (citation omitted).

"If the parties did not stipulate as to a particular marital asset or liability, the trial court must set forth specific written findings." *Vitro v. Vitro*, 122 So. 3d 382, 387 (Fla. 4th DCA 2012). "Distribution of marital assets and liabilities must be supported by factual findings in the judgment or order based on competent substantial evidence." *Bardowell v. Bardowell*, 975 So. 2d 628, 629 (Fla. 4th DCA 2008).

Here, the issue of the family photographs and videos on Husband's hard drives was tried based on the parties' implied consent. *See* Fla. R. Civ. P. 1.190(b); *Hemraj*, 620 So. 2d at 1301. Before and during trial, the issue of Husband withholding the family photographs and videos was clearly contested by both parties. Only at trial, when questioned by the circuit court, did Husband agree to provide some photographs to Wife.

The family photographs and videos from the parties' marriage and contained on Husband's hard drives should be deemed marital assets, as the keepsakes were beneficially acquired by both parties during the marriage. *See Buttner*, 484 So. 2d at 1266–67. Those family mementos are clearly "the fruit of the couple's activities" depicting their married life and memories with their child. *See Wright*, 505 So. 2d at 700. Therefore, Wife is entitled to an equitable distribution of these marital assets. *See Buttner*, 484 So. 2d at 1266.

Husband and Wife could not agree on how to distribute these marital

4

assets. Despite Wife's multiple requests for Husband to share the photographs and videos, Husband refused. As of this appeal, Husband still had not shared all the family photographs and videos with Wife. Absent the parties' stipulation, the circuit court should have set forth specific written findings on how to distribute those marital assets. The final judgment failed to identify and equitably distribute those marital assets.

Thus, the circuit court erred when it failed to do so. *See Marconi v. Erturk*, 293 So. 3d 19, 21 (Fla. 4th DCA 2020); *see also Tritschler v. Tritschler*, 273 So. 3d 1161, 1163 (Fla. 2d DCA 2019) ("A final judgment that fails to identify and value all of the parties' marital assets and liabilities and that fails to distribute them equitably between the parties must be reversed."). We remand for the circuit court to include the family photographs and videos as marital assets in the equitable distribution scheme. *See Tritschler*, 273 So. 3d at 1166. We leave to the circuit court's discretion the method of sharing those assets.

## IV. CONCLUSION

The circuit court erred in two respects: (1) denying Wife's request for retroactive child support despite evidence offered at trial showing the minor child's needs and Husband's ability to pay; and (2) failing to identify and equitably distribute the family photographs and videos as marital assets. For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion. We affirm without discussion on all remaining issues.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

KLINGENSMITH and LOTT, JJ., concur.

\*        \*        \*

***Not final until disposition of timely-filed motion for rehearing.***